HENRY L. DOHERTY & COMPANY, INC., and TOWN OF PALM BEACH, Petitioners, v. EVA R. JOACHIM, STUART BORCHARD and H. A. METZGER, as Trustees Under the Last Will and Testament of Samuel Borchard, Deceased, Respondents.

200 So. 238

En Banc

Opinion Filed February 4, 1941

*E. Harris Drew* and *Coe, Fisher & Hamner,* for Petitioners;

*Gedney, Johnston & Lilienthal* and *Harry A. Johnston,* for Respondents.

THOMAS, J.—The chancellor denied a motion to dismiss an amended bill of complaint brought by the trustees under the will of Samuel Barchard, deceased, against Henry L. Doherty & Company and Town of Palm Beach. The movants seek a review of his order.

By the allegations of the pleading it appears that the testator and his successors in title owned for many years property situated about three hundred feet west of the ocean boulevard extending along the surf bank. The driveway is not continuous through the town but is interrupted directly east of plaintiffs' lot. For a distance of about seven-tenths of a mile there is a pathway, extending in the same general direction, utilized by pedestrians and cyclists, which connects this boulevard with one proceeding thence southward near the sea shore.

Thus a motorist traveling from north to south through Palm Beach and keeping as near the sea as possible would drive south to the intersection east of the land in question; turn westward by that property to a street parallel with the ocean, go southward seven-tenths of a mile; turn east to the other section of the boulevard and then, by turning to

the right, resume his original course, while a cyclist could travel between the same points without detour.

The walkway appeared on a plat recorded in the official records of the county in 1920 and in approximately the same location has been used by the public for nineteen years.

Four years ago the defendant company acquired property east and west of that part of the walk located nearest plaintiff's lot and thereafter the defendant town ordained that the pathway be vacated and discontinued, whereupon, the defendant company erected barricades across the easement at its north and south property lines.

The bill concludes with a description of the community and the relative positions of plaintiffs' property and the religious, entertainment and commercial areas hard by.

The petitioners for certiorari ask in their brief whether it is indispensable to relief that the plaintiffs show damage different in kind (as distinguished from degree) from that suffered by the public at large, while the respondents take the position that the allegations if proven will establish this distinction between their loss and that of the whole community.

Both parties seem to recognize the rule announced in Richman v. Whitehurst, et al., 73 Fla. 152, 74 So. 205, that in the event an official threatens an unlawful act, the public by its representatives must institute the proceedings to prevent it, unless a private person can show a damage peculiar to his individual interests in which case equity will grant him succor. This rule has been specifically applied to the act of obstructing a public street. Bozeman v. City of St. Petersburg, 74 Fla. 336, 76 So. 894.

Indeed, it is conceded by the respondents that the very basis of their bill of complaint is the special injury suffered by them and distinguishable in character from that experienced by the general public. They stand upon the assertion

that the averments clearly reflect circumstances of damage they alone have undergone. Having given an analysis of the allegations showing the status of the walkway after the town council acted, we proceed now to a further digest of the pleading to determine the nature of the injury, and what features of it are peculiar to the complainants.

The manner of enacting the ordinance without notice to property owners and at a time when the tourist season had ended and winter residents had returned to their homes in the North, is criticized. The motive of the town council is said to have been to benefit private enterprise in utter disregard of the public interest. These statements offer little in support of the contentions of plaintiffs. We are not advised what notice of the passage of an ordinance is required, nor are we inclined to sympathize with the position that one adopted after the winter season raised the suspicion that the time was selected purposely to catch absentees off guard. The charge that private interests profited may be true because of possible reversion, but it does not necessarily follow that such advantage indicated a purpose on the part of the public servants to defeat their master, the public.

Next in order are the allegations that obstructions were erected after the ordinance became effective and that the abandoned way was then used by the abutting owner. This was a logical consequence of the abolishment of the street.

The character of the town as a winter resort is described in some detail and emphasis is correctly placed on the value to property of the bathing beaches and the proximity of the warm waters of the Gulf Stream. The worth of property in the town is stated to depend in large extent on the accessibility of the beach. The plaintiffs, their guests and tenants had but six hundred feet to walk for a swim before the act of the council in closing the pathway, which alleged misconduct lengthened such a journey to one-third of a

mile and required passage through a congested traffic area. It is now impossible to stroll along the walkway through the grounds of the Breakers Hotel, as originally could be done, unless the pedestrians enter from the south instead of the north and retrace their steps.

In substance these are the grounds relied upon to show the injury to plaintiffs' rights occasioned by the action of the council and the subsequent barricades of the company.

One may not read them without comprehending the disappointment of property owners in a famous resort who having bought within easy walking distance of the sea awake suddenly to find that if they are to be lulled by the waves lapping the sands; charmed by the sunlight dancing upon the water; fascinated by myriads of minnows fleeing for their lives before the ruthless charge of a cavalla; or interested by a stately liner standing for Miami, close in to avoid the resistance of the Gulf Stream, they must go three times as far through a business district in a most roundabout way. It must be annoying, too, to make this contribution so others with no greater rights may not be disturbed by their passing.

But the council apparently had the power and used it and there is nothing in what we have observed in this record to show a result to complainants different in kind from that to others in the same community, the neighbor next door or the man across the street.

That there has been injury we have no doubt; that it is greater in degree than that of many others in the community we believe; that it is different in kind we cannot agree. See Jacksonville, etc., Railway v. Thompson, 34 Fla. 346, 16 So. 282, and Robbins v. White, 52 Fla. 613, 42 So. 841.

We are constrained to hold that the motion to dismiss should have been granted so the writ of certiorari is issued and the order denying the motion is quashed.

Brown, C. J., Terrell, Buford and Adams, J. J., concur.

Whitfield and Chapman, J. J., not participating.