**GURVIS J. RICHARD v. GULF THEATRES, a corporation**

21 So. (2nd) 715
February 16, 1945
Rehearing denied March 6, 1945

January Term, 1945
Division A

C. N. Sells, for appellant.

Shackleford, Farrior & Shannon, for appellee.

BUFORD, J.:

From an order sustaining motion to dismiss an amended bill of complaint, which bill sought to enjoin an alleged obstruction of a part of a public highway, the plaintiff perfected appeal here.

The order appealed from sets out the salient facts appearing in the record with the judgment of the court and, therefore, we quote the order, for the sake of brevity, as follows:

"This cause comes on to be heard upon the motion to dismiss the amended bill of complaint. The amended bill sets out substantially that the plaintiff is the owner of several lots abutting on the south side of what is known as Nebraska Avenue Loop, which lots are improved with store buildings. The said Nebraska Avenue Loop, according to the map made a part of the amended bill of complaint, is a street eighty feet in width, the center sixteen feet of which is paved and used for traffic. The said Nebraska Avenue Loop runs diagonally between connecting or cross streets running in a North westerly and southeasterly direction. The plaintiff's property being on the southeasterly side of the street and the property of the defendant being on the northwesterly side of the street. The amended bill of complaint goes on to allege that the defendant 'is willfully and illegally and without right or authority of law, obstructing the use of said portion of said highway, by dumping piles of building material, sand and gravel, thereon, and by the erection of buildings thereon for a depth of fifteen feet on the north side of said portion for all of said distance and width as indicated by said tract 'B' The said tract 'B' being the entire width of the block on which the defendant is charged with erecting said building. The prayer of the amended bill of complaint is that the defendant be enjoined from interfering with the free and accustomed use and enjoyment of the said highway by the plaintiff. .

"It is well settled that when the property rights of an individual are specially injured by an unlawful obstruction in a public street or highway, and no adequate remedy at law is afforded, he may have the aid of a court of equity in removing such unlawful obstruction; but if such obstruction merely interferes with the right of the passage common to all citizens, and no individual rights are specially or peculiarly injured the relief for such unlawful obstruction should be through the proper public authorities. The damages suffered by the plaintiff must differ in kind and degree from those suffered by the public generally. The obstruction placed in the street by the defendant takes up fifteen feet leaving apparently sixty five feet of the street unobstructed including

the paved portion thereof. The damages, if any, suffered by the plaintiff are no different in kind than that suffered by the public generally even though they may perhaps differ in degree because of the ownership of the lots in question but different in degree is not sufficient of itself.

The motion to dismiss the amended bill of complaint is sustained with leave on the part of defendant to further amend the bill of complaint as he may be advised and upon his failure to so amend within twenty (20) days from this date the amended bill of complaint shall stand dismissed with prejudice."

It is unnecessary for us to reiterate here the rules governing cases of this sort which we have heretofore stated. See Bozeman v. City of St. Petersburg, 74 Fla. 336, 76 So. 894; Jacksonville, Tampa & Key West Ry. Co. v. Thompson, 34 Fla. 346, 16 So. 282; Henry L. Doherty & Co. Inc. v. Joachim, et al., 146 Fla. 50, 200 So. 238.

On authority of the opinions and judgments in the above cited cases, and authorities therein cited, the decree of the lower court is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.