83 So.2d 598 (1955)
TOWN OF FLAGLER BEACH, a Municipal Corporation under the Laws of Florida, Appellant,
v.
J.W. GREEN and Mabel M. Green, his wife, Appellees.
Supreme Court of Florida. Special Division B.
November 16, 1955.
Horn & Ossinsky and J. Robert Durden, Daytona Beach, for appellant.
Upchurch, Melton & Upchurch, St. Augustine, for appellees.
THORNAL, Justice.
Appellant appeals from a final decree enjoining it from constructing a so-called *599 "recreation building" on a parcel of publicly owned land.
On March 2, 1940, the Town of Flagler Beach acquired a parcel of land by a warranty deed, which contained the following provisions:
"To be used by said Town for and as a public park and pleasure ground and for the purposes of amusement and recreation, the same to be enjoyed for such purposes by the public generally, the said town having the right to adopt reasonable rules and regulations in regard to said property and obligating itself by acceptance of this gift and donation to forever preserve and use the property hereby conveyed for the purposes and objects as set forth in this gift, and the town obligates itself to keep the property in a reasonable state of repair for use and enjoyment by the public generally as a place for amusement, pleasure and recreation.

"The lands hereby granted and dedicated to public use shall forever be and remain open, so that the view oceanward shall be free, open and unobstructed, and that no use shall be made of the said land by the grantee, its successors or assigns, inconsistent with its use as a public resort and recreation.

"This deed and dedication of the above described property is and shall be irrevocable and no breach of any of the above conditions of this deed shall in any way render this dedication and deed of conveyance null and void and shall never by anyone be construed to cause a reversion of the title to the grantors, their heirs, executors, administrators or assigns." (Emphasis added.)
On September 1, 1944, two of the grantors in the warranty deed executed and delivered to the Town a quitclaim deed expressly cancelling the above quoted restrictions in the original grant. The other two grantors executed and delivered to the Town a similar quitclaim deed on February 26, 1954. In the meantime, Green and wife had acquired a parcel of land immediately west of the property owned by the Town and operated a hotel thereon. The land owned by the Town lies between the Green property and the ocean.
Early in 1954 the Town proposed to construct a "recreation building" on the publicly owned land. Green and wife filed a complaint alleging that the construction of the building would "obstruct the oceanward view" of the plaintiffs and that the plaintiffs would suffer irreparable injury in their business if the building were built.
The Town contended that quitclaim deeds from the original grantors relieved the land of the restriction and by its answer asserted that the proposed building would not obstruct the plaintiffs' view and denied that the plaintiffs would suffer injury therefrom. The Town also denied any privity of contract between the Greens and the grantors to the Town and asserted that the Town had the right to build the building.
Nowhere in the record is the building described. There is nothing to show its intended size, height, or exact location with relation to the hotel of the plaintiffs below. A motion to strike the answer of the Town was, by stipulation, heard by the trial Judge as a motion for summary judgment. No testimony was taken and so far as the record reveals there is a factual issue as to whether the Greens will suffer any injury different in kind from that experienced by the community generally. The exact nature of the proposed building and the exact use to which it will be put by the Town is not shown by any testimony.
The Chancellor entered a summary judgment in favor of the Greens and by his decree provided that the defendant-Town must keep the dedicated land "open so that plaintiffs' view oceanward shall be free, open and unobstructed and any installation or thing or object of improvement placed on said dedicated land by defendant must conform with the requirements of the instrument dedicating said land". The decree found that the plaintiffs will "suffer irreparable damages if improper use is made of said dedicated land" and the defendant-Town *600 was enjoined from erecting a building on the land.
Appellant contends that the decree was erroneous in that quitclaim deeds from the original grantors relieved the land of its restrictive burden, that the restriction is not being violated, and that at all events the decree was entirely too broad in that it enjoins "any installation" of every kind and nature and for all practical purposes results in the land being rendered completely useless.
An examination of the restriction in the deed now before us will reveal that it does not prohibit the construction of a building to be used for public recreation. The restriction simply recognizes that the land be used for a public park and pleasure ground for the purposes of "amusement and recreation" and the Town is required to keep the property in "a reasonable state of repair" for use by the public as a place "for amusement, pleasure and recreation".
We encounter no difficulty in holding that the construction of a building for recreation may be an appropriate incident to providing the public with amusement, pleasure and recreation in an area set aside for such purposes. In fact, by Chapter 10100, Laws of Florida 1925, Chapter 418, Florida Statutes, F.S.A., the Legislature specifically authorized municipalities to provide for public recreation and playgrounds and included in the authority granted the right to construct buildings for such purposes. There is nothing in the restriction to prevent the proper exercise of this power by the Town. In the case at bar the Town has the power to construct a building on the land for recreational purposes and as against the public generally this can be done within the limits of the restrictions in the deed. See Board of Public Instruction v. Town of Bay Harbor Islands, Fla. 1955, 81 So.2d 637.
In a similar situation in the case of Henry L. Doherty & Co. v. Joachim, 146 Fla. 50, 200 So. 238, we placed upon the plaintiff the burden of showing that the claimed injury was different in kind as distinguished from different in degree from the injury that might be suffered by the public generally. This burden must be carried by the plaintiffs in the case at bar.
The final decree is, therefore, reversed for the reason that the record is entirely devoid of evidence as to the exact nature and use of the proposed building and contains no showing at all that the plaintiffs below will suffer any injury from the construction of the building proposed different from the kind suffered by the public generally.
The cause is remanded for further proceedings consistent with this opinion.
DREW, C.J., and THOMAS and HOBSON, JJ., concur.