102 So.2d 132 (1958)
Daniel BOUCHER and Catherine Boucher, his wife, individually and as representatives of a class of persons similarly situated, Appellants,
v.
James A. NOVOTNY et al., O.H. Anderson, as Building Inspector of the City of Clearwater, the City of Clearwater, et al., Appellees.
Supreme Court of Florida.
April 16, 1958.
*133 Thompson & Cooper, Clearwater, for appellants.
Bussey & Simmons, St. Petersburg, for James A. Novotny and others.
Ben Krentzman, Clearwater, for O.H. Anderson, as Building Inspector of the City of Clearwater and the City of Clearwater and others, appellees.
THORNAL, Justice.
Appellants Boucher, who were plaintiffs below, seek reversal of a decree of the Chancellor dismissing with prejudice their amended complaint in an action to enjoin alleged violations of setback requirements of a municipal zoning ordinance.
The determining point is whether the appellants sufficiently alleged special damages peculiar to themselves to enable them to sustain a cause of action.
The property of appellants Boucher is located on the northwest corner of the intersection of Third Street and Coronado Drive in the City of Clearwater. The property of appellees Novotny is located on the northeast corner of the intersection. The two parcels are separated by Coronado Drive, a street 60 feet wide, running north and south. Third Street runs east and west. Both parcels are situated in an area zoned R-4 by the municipal zoning ordinance. By the provisions of the ordinance there is a requirement that buildings located on plots in the stated zone be set back 10 feet from the side lot line and 20 feet from the front lot line. If applied to the property of appellees Novotny this would mean that any building constructed on their land should be set back 20 feet from Coronado Drive and 10 feet from Third Street. Apparently the Novotnys obtained from the municipal building official a permit to construct a motel, the plans for which indicated that certain projections of the building to be used as access ways, porches, sundecks and flower planters would extend beyond the building setback line of Coronado Drive a total of 20 feet and beyond the setback *134 line of Third Street a distance of 8 feet. The complaint alleges that appellants Boucher registered their objections when they noticed the scaffolding which had been set up as a part of the building project. Thereupon the original building permit was revoked by the building official but at a subsequent meeting of the City Council the permit was reinstated. Allegedly this reinstatement was brought about without public notice as required by the zoning ordinance. Subsequently the building was completed in accordance with the original plans. This proceeding was instituted by appellants Boucher to obtain mandatory injunctive relief to compel appellees Novotny to remove the allegedly illegal encroachments which they claim were constructed in violation of the setback provisions of the zoning ordinance. A motion to dismiss the complaint was sustained apparently on the theory that the Bouchers had failed to allege sufficiently damages peculiar to themselves as distinguished from the public generally. They amended their complaint to meet this objection by adding the following:
"* * * The erection of said overhang in violation of the zoning ordinance aforesaid has caused the plaintiffs special damage by reason of its proximity to their property. Its continued existence in notorious violation of the zoning ordinance is a legal nuisance which depreciates the value of plaintiffs' property in that its continued existence destroys the protection of the zoning ordinance on the faith of which plaintiffs and others have purchased and improved their properties located within the limits of the zone's area."
Both the City and the Novotnys assaulted the amended complaint by a motion to dismiss included in their answers in which they contended that the complaint failed to allege grounds for equitable relief and that the plaintiffs Boucher failed to show affirmatively that they had suffered or would suffer irreparable damage peculiar to themselves sufficient to entitle them to a mandatory injunction.
The Chancellor agreed with the appellees-defendants and dismissed with prejudice the complaint as amended. Reversal of his order is now sought.
It is the contention of the appellants that the mere violation of a zoning ordinance is sufficient to support a claim for relief in equity brought by one whose property is similarly zoned. Appellants further contend that if special damage is required, their complaint adequately meets the requirement.
The appellees contend that one assaulting alleged violations of a zoning ordinance must show that he suffered damages different in kind from that suffered by the community generally and that the appellants have failed to bring themselves within the required rule. Appellees concede that appellants proceeded with dispatch and have not been guilty of laches.
At the outset we point out that the zoning powers of the City of Clearwater apparently are exercised pursuant to the city charter which has been provided by local act, Section 79, Chapter 9710, Laws of Florida 1923, and Chapter 15671, Laws of 1931. We are not here concerned with the provisions of Chapter 176, Florida Statutes, nor with the application of decisions dealing with restrictive covenants in deeds or subdivision plats. Consequently, cases dealing with the latter subjects are not here applicable.
We have on a number of occasions held that where municipal officials threaten or commit a violation of municipal ordinances which produces an injury to a particular citizen which is different in kind from the injury suffered by the people of the community as a whole then such injured individual is entitled to injunctive relief in the absence of an adequate legal remedy. With equal consistency, however, we have likewise held that in order to sustain a complaint for relief against threatened or *135 consummated municipal action such as the creation of a nuisance or the blocking of a street the injury suffered by the complaining individual must be special and peculiar to himself and not merely different in degree from that suffered by the remainder of the community. In other words, the complaining citizen along with all other people in the community might suffer some injury and it may be that the extent of the injury suffered by the one complaining is greater in degree than that suffered by many other citizens. Nevertheless, the complaining citizen is without redress in equity unless he can allege and prove special damages peculiar to himself and differing in kind rather than in degree from the damages suffered by the people as a whole. Brown v. Florida Chautauqua Ass'n, 59 Fla. 447, 52 So. 802; Henry L. Doherty & Co. v. Joachim, 146 Fla. 50, 200 So. 238; Richard v. Gulf Theatres, 155 Fla. 626, 21 So.2d 715.
The appellants appear to concede that this has been the rule in such matters as the abatement of nuisances and the obstruction of public highways. However, they assert that we have never announced this to be the rule in the case of a violation of a zoning ordinance. Indeed, it is their contention that the rule should not apply to zoning ordinance violations and that the courts of other states, particularly Georgia, Kentucky and some others, have held that the mere violation of a zoning ordinance, regardless of special damage, produces a right of action in favor of a complaining citizen the use of whose property has been restricted by the same ordinance. We have the view that the rule of our cases cited above with reference to the abatement of alleged nuisances resulting from threatened or consummated municipal conduct is equally applicable to actions to remedy or prevent breaches of municipal zoning ordinances. An investigation of the authorities leads us to the conclusion that the position which we here take is adequately supported by the numerical weight of authority and by what we consider to be the better reasoned cases. The sum of the rule is pointed out in McQuillin on Municipal Corporations, 3rd Edition Revised, Section 25.351, where it is stated as follows:
"To be entitled to maintain a suit to enjoin a zoning violation constituting a nuisance, a private party must, it has been variously ruled, be specially and irreparably injured or specially damaged in a way differing in character and kind from that common to the general public; his rights must have been injured; his property must have been materially damaged and depreciated or rendered less desirable and greatly depreciated in value and usefulness; or he must have suffered a special and private wrong. Moreover, it is one's own injury and damage and not that of others that determines the propriety of his bringing a suit for injunctive relief against zoning violations."
See also Kooman, Florida Chancery Pleading and Practice, Section 265; 58 Am.Jur., Zoning, Section 189; 43 C.J.S. Injunctions §§ 22b, 123 and 182; Metzenbaun on Law of Zoning (2d ed.) Vol. 1, pp. 155-158, and Vol. 2, p. 1029; Yokley on Zoning Law and Practice (2d ed.) Vol. 1, p. 262, Section 112, and Vol. 2, pp. 7-12, Section 192. Also see Momeier v. John McAlister, 193 S.C. 422, 8 S.E.2d 737, 129 A.L.R. 880 (annotated at page 885).
We, therefore, align ourselves with the authorities which hold that one seeking redress, either preventive or corrective, against an alleged violation of a municipal zoning ordinance must allege and prove special damages peculiar to himself differing in kind as distinguished from damages differing in degree suffered by the community as a whole.
We now return to the allegations of the amended complaint to ascertain whether the appellants Boucher have brought themselves within the announced rule. It seems to have been well settled that in the cases where individuals have sought to enjoin *136 obstructions in public highways or have sought relief against threatened violations of municipal ordinances the complaint should distinctly allege facts showing the special and peculiar injury. This should be done with sufficient clearness to enable the court to determine whether the complainant is entitled to maintain the suit. A bald allegation of irreparable injury which is not accompanied by specific allegations of fact will not warrant the granting of relief. Brown v. Florida Chautauqua Ass'n, 59 Fla. 447, 52 So. 802; Stoner v. South Peninsula Zoning Commission, Fla. 1954, 75 So.2d 831.
Although by the amended complaint the appellants apparently attempted to bring themselves within the requirements of the rule, we think that an examination of their complaint will reveal that they failed to do so. They allege generally that the violation of the zoning ordinance has caused the plaintiffs "special damage by reason of its proximity to their property." We are left to speculate just what the "special damage" is.
The complaint further alleged that the continued existence of the violation of the ordinance "is a legal nuisance which depreciates the value of plaintiffs' property in that its continued existence destroys the protection of the zoning ordinance on the faith of which plaintiffs and others have purchased and improved their properties located within the limits of the zone's area." By this allegation the appellants apparently reached out for a specific fact on which to ground their complaint but the strength of the allegation is destroyed when they go on to explain it away by stating that the depreciation of land values as the result of a failure to enforce a municipal zoning ordinance is an injury suffered by the community as distinguished from a peculiar injury suffered by the immediately complaining citizens. In other words, we find from this complaint the substance of an allegation which points out that a failure to enforce a zoning ordinance produces a depreciation in land values throughout the community. While this may logically follow, it does not necessarily follow that a right of action springs into being in favor of a particular property owner unless it be shown that the violation of the ordinance results in a peculiar injury or special damages to that property owner different in kind from that suffered by the community as a whole.
Appellants refer to our opinion in Hartnett v. Austin, Fla. 1956, 93 So.2d 86. The plaintiffs in that case alleged peculiar damages to themselves as the result of an illegal exception to the zoning ordinance by the allowance of a commercial enterprise in a residence district. Similarly, in Josephson v. Autrey, Fla. 1957, 96 So.2d 784, the parties were proceeding under Chapter 176, Florida Statutes, to obtain a review of an alleged illegal act of a board of adjustment and in addition special damage was alleged.
Appellants also refer to our opinion in Larkin v. Tsavaris, Fla. 1956, 85 So.2d 731. We think the decision last cited supports the conclusion which we here reach. There two violations of the zoning ordinance were alleged. The sum of our conclusion was that with reference to the violation that caused no peculiar injury to the complaining property owner, relief was denied. On the other hand the violation which did cause special injury to the complainant resulted in the granting of the requested relief.
None of the parties makes reference to our opinion in Fortunato v. City of Coral Gables, Fla. 1950, 47 So.2d 321. The situation revealed by the opinion in that case bears a striking resemblance to the matter before us. In order to avoid any apparent conflict between this opinion and the one last cited we deemed it advisable to point out that an examination of the record in the Fortunato case reveals that the plaintiff there carefully and in thorough detail delineated special and peculiar damages to himself which resulted from the violation of the setback requirements by his next door neighbor. There is, therefore, no conflict between our opinion in the Fortunato case and our opinion in the instant case.
*137 This opinion is not to be construed as any endorsement of the zoning procedures that were employed in the instant case nor as an encouragement to ignore the requirements of municipal zoning ordinances. Comprehensive planning and zoning, and the regulation of uses of property have been productive of much good in the improvement of land values and the protection of the general welfare.
In the case before us it appears that the appellees came dangerously close to creating a situation that could have given rise to a cause of action in the appellants. Fortunately for the appellees the complaint failed to present factual allegations that would sustain the granting of the relief requested. For that reason the motion to dismiss was properly granted and the decree under assault is, therefore,
Affirmed.
TERRELL, C.J., THOMAS and ROBERTS, JJ., and PARKS, Circuit Judge, concur.