WIGGINTON, Judge.
This is an appeal from an order entered by the Circuit Court of Santa Rosa County dismissing plaintiffs’ amended complaint against the appellees herein.
*632 Plaintiffs sought a decree holding the action of the Santa Rosa County Board of Commissioners in closing a section of a public road and conveying title thereto to the defendant chemical company as the abutting owner, to be void and without effect. They further sought to enjoin and restrain the defendant chemical company from obstructing the closed section of the public road, and from further interfering with the free use thereof by plaintiffs and the general public. The amended complaint, consisting of some sixteen pages, contained allegations purporting to show that plaintiffs constitute most of the citizens and residents of the unincorporated community of Mulat in Santa Rosa County. It is further alleged that by closing the road in question defendants have deprived plaintiffs of one of only two means in ingress and egress to their homes; that being thus restricted to the use of the only remaining road, the inhabitants of Mulat are required to travel from four to eight miles greater distance to reach surrounding communities, markets and places of employment than was necessary when using the road now closed; that the action of the defendant Board was for the sole benefit and gain of the defendant chemical company and was, therefore, arbitrary and constituted an abuse of discretion; and that the plaintiffs’ efforts in seeking assistance of their State Attorney, the Attorney General and the State Road Department were unsuccessful. There was no allegations that any of the plaintiffs’ properties abut that portion of the road which was abandoned, nor that any of their properties was directly affected or injured thereby. It is alleged, however, that the matters and things complained of were “common to every resident” of the affected community.
Upon considering the complaint herein, and after hearing the parties on defendant’s motion to dismiss, the chancellor concluded that plaintiffs were not proper parties to bring, this action and the cause was dismissed. This appeal ensued.
 The únauthorized obstruction of a public way is a common or public nuisance. It is not in itself ground upon which to maintain a private suit for injuries occasioned thereby. In order to maintain such a suit it must be shown that the party seeking relief has suffered some special injury, differing not only in degree, but in kind from that sustained by the community at large.[1] No such showing has been made here. On the contrary plaintiffs’ complaint clearly asserts that all matters therein complained of were experienced in common by the entire community. The plaintiffs are therefore necessarily restricted to their right of redress, if such is appropriate, by some authorized official action brought on behalf of the public.[2]
The chancellor recognized that the applicable law accords a wide latitude of discretion to the boards of county commissioners of this state in matters concerning the abandonment of public roads;[3] and that such discretion will not be disturbed, absent a clear abuse thereof or the invasion of property rights.[4] The allegations of their complaint having been insufficient to show appropriate grounds for the relief sought, the chancellor properly rejected plaintiffs’ plea that the court substitute its judgment for that of the Board *633 in the instant case. Having thus determined that the abandonment and obstruction here under attack flowed from and accorded with a proper exercise of lawful authority, it follows that such cannot be subjected to abatement as a nuisance, public or private.[5] Therefore, plaintiffs cannot be heard to complain that the authorized public representative declined to assist in the attainment of a right which in fact and in law did not exist.
Finding no error in the order appealed from the same must be and is hereby affirmed.
STURGIS, C. J., concurs,

. Brooks-Garrison Hotel Corp. v. Sara Inv. Co., Fla.1952, 61 So.2d 913; Richard v. Gulf Theatres, 155 Fla. 626, 21 So.2d 715; Henry L. Doherty & Co., Inc. v. Joachim, 146 Fla. 50, 200 So. 238; Bozeman v. City of St. Petersburg, 74 Fla. 336, 76 So. 894. See also: Pirtle v. City of Titusville, Fla.App., 101 So.2d 397.

.Garnett v. Jacksonville, St. A. & H. R. Ry. Co., 20 Fla. 889; Florida Southern Ry. Go. v. Brown, 23 Fla. 104, 1 So. 512, 513.

. Section 343.38, F.S.1053, now F.S.A. §§ 336.09-336.12; Islenworth Grove Co. v. County of Orange, 79 Fla. 208, 84 So. 83; Wilton v. County of St. Johns, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488.

. See 25 Am.Jur., Highways, § 276, and cases there cited.

. Garnett v. Jacksonville, St. A. & H. R. Ry. Co., supra note 2.