WILLIAMS, et al v. STATE ROAD DEPARTMENT, et al.

No. 60-C-395.

Circuit Court, Dade County.

February 16, 1962.

Louis Vernell, Jr., Miami Beach, for plaintiff.

Jack W. Pierce, Tallahassee, for State Road Department.

Darrey A. Davis, County Attorney, for Dade County.

RAY PEARSON, Circuit Judge.

The cause is before the court on plaintiffs' notice for final hearing. The court has considered the evidence offered and the arguments submitted by the parties. By stipulation between the parties, the court has also viewed the area involved and talked with several spokesmen for the plaintiffs.

Plaintiffs allege that they will "be completely isolated from the rest of Dade County" (paragraph 12) by the construction of Palmetto Expressway, a limited access facility. They also allege that the construction of Northwest 82nd Avenue between Northwest 7th and 12th Streets, intended to provide alternate access to this area, and the construction of the expressway will constitute obstructions to the easterly flow of surface water and therefore flood the properties west of this avenue and west of the expressway. Plaintiffs seek an injunction and damages.

The defendants State Road Department and Dade County have answered. A decree pro confesso was duly entered against the re-

maining four defendants, construction firms employed by the two public agencies to construct the highway. The only relief prayed against the private corporations is an injunction. No other relief may be granted against these four defendants. 19 Fla. Jur., "Judgments and Decrees", section 330.

A temporary restraining order was entered without notice on January 14, 1960. On January 18, 1960, the temporary injunction was dissolved on motion of Dade County. The transcript and exhibits of that hearing are before the court now by agreement between the parties. The expressway, then in the course of construction, has been completed to its junction with U. S. Highway 1 at Kendall. The court finds that all representations made by defendants regarding the then proposed construction have been performed.

The court finds that Northwest 8th and 10th Streets were lawfully closed at their easterly terminus with Northwest 77th Avenue by the establishment of the limited access facility pursuant to section 338.02, F.S., through the approval by the State Road Board of the plans for the limited access facility and the due publication by it of notice of the limitation of access. No further steps are required to effect the closing of a road which intersects with a limited access facility. 1959 A.G.O. 399. See also Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N. W. 2d 60, 63 (1959), construing provisions virtually identical to those of Florida.

Throughout construction of the expressway, traffic was maintained on these roads across the new construction. Before either of these roads was closed by barriers at their east ends, alternative access was provided by the construction of roads, virtually identical in composition to those existing in the area, running north from Northwest 8th Street, across Northwest 10th Street to Northwest 12th Street and then east to the interchange of Palmetto Interchange with Northwest 12th Street and through the interchange eastward. These two roads are Northwest 82nd Avenue and Northwest 12th Street. The interchange affords uninterrupted access to both the north and south areas of the county by the new free expressway.

The net effect of the alternative access route afforded here is that the *maximum* additional travel distance by any property owner going in any direction will be 1.48 miles. No owner or resident within the area is deprived of ready and reasonable access from his property to all other areas of the county.

No part of any plaintiff's properties are being taken by any public agency and the questions presented are (1) whether plaintiffs have alleged or shown an abuse of the discretion delegated to the State Road Department and (2) whether plaintiffs are entitled to any damages for the circuity of travel which will result to some of them under some circumstances. Plaintiffs have alleged no fraud or abuse of discretion.

A case in point is Wedner v. Escambia Chemical Corporation, Fla. App. 1958, 102 So.2d 631, where the road closing by Santa Rosa County imposed an additional travel distance of "from four to eight miles." There, as here, there was no showing of "special injury, differing not only in degree, but in kind from that sustained by the community at large." There, as here, the plaintiffs alleged that a large class "experienced in common" the inconvenience sued upon. The "wide latitude of discretion" accorded public bodies in matters concerning public highways was recognized and it was held that the discretion will not be disturbed, absent a clear abuse thereof or the invasion of property rights. Neither is shown by a mere circuity of travel resulting from a rerouting of traffic by a public agency acting within its statutory authority.

See also the recent Warren case, cited above, which reviews the authorities from other jurisdictions. There the limited access facility extended the travel distance 2.7 miles to go from one part of plaintiff's farm to the other. In Jones Beach Boulevard Estate v. Moses, 268 N.Y. 372, 197 N.E. 313 (1935), an early leading case, the circuity amounted to 10 miles. In 43 A.L.R. 2d 1072, "Abutting owner's right to damages or other relief for loss of access because of limited-access highway or street," at page 1079, note 10, the consequences of any other rule are pointed out —

"The propriety of such an allowance in any case where only an indirect access is cut off, the landowner being left with other, although more circuitous, indirect ways of approaching the highway, seems doubtful, since obviously if the principle were extended to its logical limits almost every member of the public could claim compensation on the theory that the convenience of the highway was reduced by closing any means of access."

In Weir v. Palm Beach County, Fla. 1956, 85 So.2d 865, 868-869, Lewis v. State Road Department, Fla. 1957, 95 So.2d 248, 253, City of Tampa v. Texas Company, Fla. App. 1958, 108 So.2d 216, 218, cert. den. 109 So.2d 169, City of Miami v. Girtman, Fla. App. 1958, 104 So.2d 62, 67, and Jahoda v. State Road Depart-

ment, Fla. App. 1958, 106 So.2d 870, 872, it is held that in the absence of a physical taking a property owner's inconvenience, injury or damage resulting from interference with access, diversion of traffic or any other change in public roads effected by the public agencies vested with the duty and discretion of providing and improving public roads is damnum absque injuria.

This case provides as clear an illustration of the wisdom of this rule as is conceivable, for nearly every property owner on either side of this 24 mile expressway will experience *some* additional circuity in crossing to the other side or in entering the expressway to proceed either south or north, as the interchanges are spaced at intervals of a mile or more to provide for a safe and rapid flow of north-south traffic. If mere inconvenience entitles one to damages, it is clear that limited access facilities become a fiscal impossibility, at least through any inhabited area.

Plaintiffs' remaining contention is based upon their allegation that Northwest 82nd Street and the expressway will block normal surface drainage eastward. Without deciding this would give rise to a cause of action, compare Arundel Corp. v. Griffin, 89 Fla. 128, 103 So. 422, 424 (1925), the court finds that adequate provision in the form of culverts has been made to prevent any significant interference with preexisting surface drainage.

In the course of its view of the property, it was apparent that some of the plaintiffs were really concerned with matters neither before the court nor within the court's jurisdiction. One complaint voiced was that Northwest 8th Street, a road constructed some years ago, is not properly maintained by the county. Another complaint was that the county has not extended Northwest 82nd Avenue southward from Northwest 8th Street to Flagler Street. The court has neither the responsibility nor the jurisdiction to determine the priority given by governmental agencies to needed public works.

In justice to plaintiffs' counsel, it should be added that he did not pray for relief as to these matters, evidently in recognition of the limitations on the court's jurisdiction.

It is, therefore, ordered, adjudged and decreed that the complaint be dismissed at the cost of the plaintiffs, the court retaining jurisdiction solely to fix, upon motion and notice, the amount of the costs incurred by the defendant public agencies.