MORROW, RUSSELL O., Associate Judge.
Two separate interlocutory appeals have been taken from an order entered January 6, 1972, by the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County. Both appeals are treated herein. The plaintiff (appellee) brought suit against appellants seeking injunctive relief and damages. The complaint alleges that the defendant, City of Vero Beach, through defendant Donald F. Adams, as Director of the City Building and Zoning Department, issued to the other defendants a building permit permitting the construction of a building in violation of a set-back requirement of the City Code. The plaintiff’s home is across the street and facing defendants’ property. The plaintiff complained to the defendant Director of City Building and Zoning Department, to the city attorney, and the City Council and was told that no building was being erected in violation of the set-back requirement.
The defendants City of Vero Beach and the Director of Building filed a motion for judgment on the pleadings and a motion for abatement. The defendant Continental Con-Dev Company moved for a summary judgment. The defendant Con-Dev of *42 Vero Beach, Inc., moved to dismiss and for judgment on the pleadings. The order appealed denied both motions for judgment on the pleadings, denied the motion to abate, denied motion to dismiss of Con-Dev of Vero Beach, and granted a motion of the City to strike plaintiff’s amendment to his complaint.
The questions raised are: (1) did the trial court have jurisdiction of the subject matter of the suit by reason of plaintiff’s failure to exhaust his administrative remedies? (2) did the plaintiff herein have the standing necessary to bring suit to enjoin the violation of a valid zoning ordinance ?
In Boucher v. Novotny, 102 So.2d 132 (Fla. 1958), the court held that one seeking redress against an alleged violation of a municipal ordinance must allege and prove special damages peculiar to himself differing in kind as distinguished from damages differing in degree suffered by the community as a whole. In a recent case, Renard v. Dade County, 261 So.2d 832 (Fla.1972), the Supreme Court of Florida upheld the above ruling in the Boucher case.
There is a similar condition in this case to that of the Boucher case. In both instances the plaintiff’s home is across the street from and facing defendants’ property where the alleged zoning violation occurred and both seek enforcement of a valid zoning ordinance.
The above cases hold that in this type of case the exhaustion of administrative remedies is not a prerequisite for seeking injunctive relief. In the Renard case there are three different categories pointed out (1) the enforcement of a valid zoning ordinance; (2) the attack on a validly enacted zoning ordinance; and (3) the attack on a void ordinance. In this action (involving only the first category) the plaintiff has a right to seek relief by way of injunction without having to go the administrative remedy route first.
As to the question of the plaintiff’s standing, it is noted that his complaint alleges that he brings the suit “ . . . for himself and for all other owners of property within the corporate limits of the City of Vero Beach . . . ” It appears evident from the record that the plaintiff does not have any damages which are different in kind from that of all other property owners in the general area. At most there could only be a difference in degree. He is thus barred from seeking injunctive relief. However, the complaint alleges alternatively a cause of action for damages and the plaintiff would have proper standing to maintain such an action.
There being no cause of action alleged against the defendant City of Vero Beach and the defendant, Donald F. Adams, the motion of these defendants for judgment on the pleadings should be granted. The plaintiff may pursue his action in damages against the remaining defendants.
The order appealed is reversed and the cause remanded for such proceedings as are not inconsistent herewith.
Reversed and remanded.
OWEN and MAGER, JJ., concur.