276 So.2d 491 (1973)
Kenneth L. CARROLL, Appellant,
v.
CITY OF WEST PALM BEACH and Florida Power and Light Company, a Corporation, Appellees.
No. 71-544.
District Court of Appeal of Florida, Fourth District.
April 17, 1973.
Rehearing Denied May 11, 1973.
*492 Shepard Phillip Lesser, Lesser, Lesser & Daniels, West Palm Beach, for appellant.
James L. Watt, Asst. City Atty., West Palm Beach, for appellee, City of West Palm Beach.
John H. Evans, Herring & Evans, West Palm Beach, for appellee, Florida Power & Light Co.
OWEN, Judge.
Appellant suffered dismissal of his amended complaint for its failure to state a cause of action against either of the two defendants, and having informed the court that he did not desire to further amend, final judgment was entered in favor of the defendants.
Appellant-plaintiff, a property owner in the City of West Palm Beach, alleged in essence that the Appellee-defendant, Florida Power & Light Company, was installing high voltage power lines within the City and adjacent to appellant's property in violation of City zoning ordinances, thereby creating conditions which were hazardous, dangerous, unsightly, and entirely out of character with the residential district in which they were being placed, and which severely impaired the appearance, utilization, function, character and value of the land area, including plaintiff's property; that by virtue thereof the power lines constituted a nuisance to the public generally, and to the plaintiff particularly in that it caused irreparable damage and harm in respect to the use, appearance and value of plaintiff's land; and that as a result thereof he had sustained damages by reason of the loss of value and impairment of use and salability of his property. The amended complaint was in three counts, Count I seeking issuance of writ of mandamus to compel the City and Florida Power & Light Company to remove the power line, Count II seeking injunctive relief from further construction, and Count III for money damages.
This jurisdiction has aligned itself with authorities which hold that one seeking redress, either preventive or corrective, against an alleged violation of a municipal zoning ordinance must allege and prove special damages peculiar to himself differing in kind (as distinguished from damages differing merely in degree) from those suffered by the community as a whole. Boucher v. Novotny, Fla. 1958, 102 So.2d 132; Renard v. Dade County, Fla. 1972, 261 So.2d 832; *493 Continental Con-Dev Co. v. Shallberg, Fla.App. 1972, 267 So.2d 40. Of course, in the present posture of this case we were concerned only with the allegations.
The real difficulty in this and similar cases lies in determining into which of these classifications the alleged damages fall. In the Boucher case, supra, and also in the Continental Con-Dev Co. case, supra, the property of the respective plaintiffs was sufficiently removed from the area in which the alleged zoning violation was occurring that in each case the court could hold as a matter of law that the plaintiff's damages were no different in kind from that of other property owners in the general area, but at most only different in degree. On the other hand, in the case of Conrad v. Jackson, Fla. 1958, 107 So.2d 369, and in the Renard case, supra, the property of the respective plaintiffs was adjoining or adjacent to the property upon which the alleged zoning violation existed, and in each of these cases the court held as a matter of law that the plaintiff suffered a damage differing in kind from the community generally. In the case at hand the appellant alleged that the zoning violation existed adjacent to his property. We conclude, on the basis of the two cases last cited, that the amended complaint was sufficient to state a cause of action for injunctive relief against Florida Power & Light Co. for the alleged zoning violation. Even if the plaintiff is unable to prove his entitlement to equitable relief, the allegations of Count III are sufficient to state a cause of action against Florida Power & Light Co. for damages. Continental Con-Dev Co. v. Shallberg, supra.
We find no basis upon which plaintiff is entitled to any relief against the City of West Palm Beach, nor to a writ of mandamus against Florida Power & Light Co. The judgment appealed is affirmed as to the City of West Palm Beach, reversed as to Florida Power & Light Co., and the cause remanded for further proceedings on Counts II and III on the amended complaint as against the latter defendant.
Affirmed in part; reversed in part and remanded for further proceedings.
REED, C.J., and MAGER, J., concur.