322 So.2d 57 (1975)
JACK ECKERD CORPORATION et al., Appellants,
v.
MICHELS ISLAND VILLAGE PHARMACY, INC., a Florida Corporation, Appellee.
No. 75-677.
District Court of Appeal of Florida, Second District.
November 12, 1975.
*58 Richard T. Bennison, MacKenzie, Castagna, Bennison & Gardner, Clearwater, for appellant Eckerd Corp.
Guy L. Kennedy, Jr., Acting City Atty., and N.S. Gould, Asst. City Atty., Clearwater, for appellant City of Clearwater.
Allen P. Allweiss, St. Petersburg, and Jack F. White, Jr., Clearwater, for appellee.
SCHEB, Judge.
This interlocutory appeal focuses on the question of whether a property owner, who does not allege a special injury, has standing to enjoin a municipality from issuing a building permit to allow construction which will vary from area standards required by the National Flood Insurance Program.[1]
The appellee, Michels Island Village Pharmacy, Inc. (Michels) was plaintiff below. By its amended complaint it alleged the defendant, City of Clearwater (City) adopted the required standards[2] to enable property owners to obtain federally sponsored flood insurance; then granted a variance as to elevations required of the defendant, Jack Eckerd Corporation (Eckerd) in construction of its pharmaceutical building. Plaintiff further alleged that by authorizing construction of this building, with its lowest floor substantially below the 100 year flood level, the city had caused all property owners to lose their eligibility for flood insurance protection. Michels contends that it is a beneficiary of that flood insurance program, will suffer irreparable damage as a result of the city's action, and seeks an injunction against the defendants, Eckerd and City.
The trial court denied motions to dismiss filed by Eckerd and the City and this interlocutory appeal followed. We reverse.
The principle which requires a showing of "special injury" by a plaintiff who seeks to enjoin the operation of a municipal ordinance is firmly implanted in the law of this state. This principle requires the plaintiff to allege its injury will be different in kind from that to be suffered by the public generally. In Boucher v. Novotny, Fla. 1958, 102 So.2d 132, the Supreme Court of Florida said:
We have on a number of occasions held that where municipal officials threaten or commit a violation of municipal *59 ordinances which produces an injury to a particular citizen which is different in kind from the injury suffered by the people of the community as a whole then such injured individual is entitled to injunctive relief in the absence of an adequate legal remedy. With equal consistency, however, we have likewise held that in order to sustain a complaint for relief against threatened or consummated municipal action such as the creation of a nuisance or the blocking of a street the injury suffered by the complaining individual must be special and peculiar to himself and not merely different in degree from that suffered by the remainder of the community. In other words, the complaining citizen along with all other people in the community might suffer some injury and it may be that the extent of the injury suffered by the one complaining is greater in degree than that suffered by many other citizens. Nevertheless, the complaining citizen is without redress in equity unless he can allege and prove special damages peculiar to himself and differing in kind rather than in degree from the damages suffered by the people as a whole.
In Renard v. Dade County, Fla. 1972, 261 So.2d 832, the Supreme Court reiterated that the principle in Boucher is still the law of this state. While this court in Save Sand Key, Inc. v. U.S. Steel Corp., Fla. App.2d 1973, 281 So.2d 572, concluded the "special injury" requirement no longer served as a viable expedient to the disposition of cases, the precedential value of that opinion was short-lived as the opinion was quashed in 303 So.2d 9 (Fla. 1974). There, the Supreme Court announced its former decisions which require a showing of special injury still prevail.[3]See Doherty & Co. v. Joachim, Fla. 1941, 200 So. 238; Town of Flagler Beach v. Green, Fla. 1955, 83 So.2d 598.
Michels attempts to distinguish its action from the principle enunciated in Boucher and U.S. Steel by contending it has become a third party beneficiary of the city's ordinance, adopted to achieve flood insurance eligibility for property owners in coastal areas of the city. The rationale for the requirement of showing "special injury" is to protect public authorities from numerous suits brought by persons who have the same general interest thereby hampering public officers from performance of their duties. Askew v. Hold the Bulkhead-Save Our Bays, Inc., Fla.App.2d 1972, 269 So.2d 696. Such reasoning applies equally here. We find no basis to give appellee standing merely because it alleges a breach of a contractual right, when the plaintiffs in Save Sand Key, supra, were denied standing despite an alleged violation of a property right. With either type of injury, the question must be whether the plaintiff's alleged detriment is different in kind from that of the general public.
Appellee Michels has failed to allege any special injury differing in kind from injury which may occur to the general public; therefore, its amended complaint does not allege a standing to sue, and should have been dismissed by the trial court.
Reversed.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] 24 C.F.R. 1909-1918.
[2] Sections 7-9, Code of the City of Clearwater.
[3] The Supreme Court noted in its opinion that a proper "class action" is excluded from the rationale which supports the "special injury" requirement.