PER CURIAM.
Appellants appeal the dismissal with prejudice of their action seeking a declaratory judgment. We affirm.
Appellee city is governed by what is known as a “City Council-Manager” form of government and the city charter so stipulates. Under the Municipal Home Rule Powers Act, Ch. 166, F.S.1973, this form of government cannot be changed without referendum.[1]
Additionally, the charter vests the executive authority of the city in the city manager and the legislative authority in the city council. It also expressly gives the city manager the authority to appoint, hire and fire the chiefs of the police and fire departments. Notwithstanding these charter provisions, the city council enacted a civil service ordinance under which the “chiefs of the police and fire departments shall be appointed by the city council and shall be directly responsible to the city council with respect to duties and responsibilities.” No referendum was provided either to enact the ordinance or to ratify it after passage.
Appellants, as “residents, taxpayers, freeholders and electors” of the city, instituted this action seeking a declaratory judgment attacking the validity of the ordinance in that it has the net effect of altering “the form of government” of the city without *1256 the approval of the electors in a referendum as aforesaid.
We need not decide now whether the assailed ordinance materially alters the “form of government” of the city,[2] although it clearly does so pro tanto to the extent that it changes the distribution of powers as between the city manager and the city council in the appointment of chiefs of the police and fire departments. Because of this pro tanto change we have serious doubts as to the validity of the ordinance and its enforceability.
But we must nevertheless agree with the trial judge that in the present posture of the matter there is no justiciable controversy between appellants and the city. The law is clear that the mere possibility of injury at some indeterminate time in the future does not support standing to seek a declaratory judgment.[3] The city manager may have a right to complain of the ordinance, his appointing powers having been impaired; or the respective chiefs of the police or fire departments may have a right to have their duties and responsibilities thereunder judicially declared. But appellants have no real, immediate legal interest in such a declaration nor a present, bona fide practical need therefor.[4] Along with those similarly situated, they would appear to be relegated to their remedies at the polls at the next ensuing election of the incumbent city council.
In view whereof, the order appealed from dismissing appellants’ petition for declaratory judgment should be, and it is hereby, affirmed.
McNULTY, C. J., and BOARDMAN and SCHEB, JJ., concur.

. Section 166.021(4), F.S.1973.

. Out of fourteen administrative departments of the city, only the police and fire departments are affected by the ordinance in question.

. Cf. Williams v. Howard (Fla.1976), 329 So.2d 277; Jack Eckerd Corp. v. Michels Island Village Pharmacy, Inc. (Fla.App.2d, 1975), 322 So.2d 57.

. Id.