Mr. Ben L. Holley City Attorney City of Crestview
QUESTION:
Is a referendum required to amend the City Charter of Crestview by removing the police and fire departments from the control of the mayor and placing them under the city council, or may this change be accomplished by city ordinance?
SUMMARY:
Pursuant to s. 166.021(4), F.S., a referendum is required to amend the Crestview City Charter by removing the police and fire departments from the control of the mayor and placing them under the council, since this change would affect the distribution of powers among elected officials.
Your inquiry notes that under your city charter, the mayor is in charge of the police and fire departments. See s. 17, ch. 63-1249, Laws of Florida. The city council would like to take control of these two departments out from under the mayor and place them under the control of the council by ordinance. As city attorney, you are concerned that this type of charter amendment may require a referendum. Section 166.021(5), F.S., provides:
 (5) All existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality except as otherwise provided in subsection (4) shall become an ordinance of that municipality on the effective date of this act, subject to modification or repeal as other ordinances. (Emphasis supplied.)
However, s. 166.021(4), F.S., expressly provides in pertinent part:
 [n]othing in this act shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation of existence of a municipality, the terms of elected officers and the manner of their election, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031 . . . . (Emphasis supplied.)
Thus, a change in the `distribution of powers among elected officials' cannot be made by the city council pursuant to its home rule powers under ch. 166 without approval by referendum of the electors as provided by s. 166.031, F.S.
Attorney General Opinion 077-135 concluded that if a municipality contemplates a change only in its `internal, administrative operations' and there is no alteration of the basic distributionof policymaking and administrative functions, there would be no change in the form of government, and such a change could be made by ordinance alone.
Section 17 of your city charter, ch. 63-1249, Laws of Florida expressly provides:
 The mayor shall employ and discharge and prescribe all the duties and powers of the chief of police, fire chief and all personnel in the police and fire departments; . . . . (Emphasis supplied.)
Subsequent amendatory legislation has not changed this aspect of the distribution of powers among elected officials in your city government.
Thus, s. 17 of the charter contemplates that the mayor, an elected official, have general supervision of the police and fire departments. The above-described ordinance, which would remove supervision of these two departments from the mayor and place them under the council, would affect the distribution of powers among elected officials. See dictum in Smith v. City of Pinellas Park,336 So.2d 1255 (2 D.C.A. Fla., 1976) (stating that an ordinance, to the extent that it changed the distribution of powers as between the city manager and the city council in the appointment of chiefs of the police and fire departments, would probably be invalid). Accordingly, I must conclude that a referendum is required to make such an amendment to s. 17 of the Crestview City Charter.
Prepared by: Anne Curtis Terry, Assistant Attorney General