47 So.2d 321 (1950)
FORTUNATO
v.
CITY OF CORAL GABLES et al.
In the Supreme Court of Florida, en Banc.
April 14, 1950.
Rehearing Denied July 6, 1950.
*322 Paul H. Brinson, Coral Gables, and Theobald H. Engelhardt, Jr., Miami, for appellant.
Edward L. Semple and Myers, Heiman & Kaplan, Miami, for appellees.
ROBERTS, Justice.
Plaintiff-appellant filed his bill of complaint in the court below, seeking to enjoin the City of Coral Gables from issuing a building permit to the defendant-appellee Samuel Spector for the construction of an apartment house on Lots 14 through 18, Block 30, Biltmore Section of Coral Gables, with a front yard depth or set-back of less than 35 feet. Plaintiff's motion for a temporary injunction was denied and, in the same order, the lower court dismissed the bill of complaint upon motion of defendants that "There is no equity in the bill." The motion to dismiss was presented to the court at the time of the hearing on plaintiff's motion for a temporary injunction and was granted forthwith. Appeal has been perfected from such final order denying a temporary injunction and dismissing the bill.
The plaintiff's complaint presents, in substance, the following factual situation: Under the zoning ordinance of the City of Coral Gables which was then in effect (being Ordinance No. 271, adopted February 16, 1937) it was provided that, in all apartment districts, all lots shall have "front yards of minimum fifteen (15) feet depth, * * * except where an existing building in apartment district has a front yard depth greater than fifteen (15) feet, such depth shall be the established depth of front yards, for all lots in the block on same side of street." The plaintiff owned a four-unit apartment house which had been constructed in 1944 on Lots 12 and 13, Block 30, Biltmore Section, and which had a front yard depth or set-back of 35 feet. The defendant Samuel Spector applied to the Zoning Board of Appeals of Coral Gables for a variance to permit him to build a 16-unit apartment house with a front-yard depth or set-back of only 15 feet. Spector's property, being Lots 14 through 18, adjoined plaintiff's property on the west.
At a special meeting on September 7, 1948, the Zoning Board approved the variance in the set-back line requested by Spector, and a recommendation for the variance was made by the Zoning Board to the City Commission of Coral Gables. The City Commission, at a special meeting on September 9, 1948, adopted and approved the recommendation for the variance. The plaintiff alleged that he had no notice of the meeting of the Zoning Board and that the only notice he had of the meeting of the City Commission was a letter from the Secretary of the Zoning Board sent to him by registered mail on the day preceding the holding of the special meeting of the City Commission.
It is contended by plaintiff on this appeal, among others, that the lower court erred in interpreting the words "existing building" in the above-quoted portion of Ordinance No. 271 to mean a building which was in existence at the time of the adoption of the ordinance. There is no merit to this contention. The interpretation apparently adopted by the lower court is in accordance with the general principle that zoning regulations do not generally operate to limit the right of a landowner to continue such uses of land and structures as were in existence at the time of the adoption of the regulations, on the theory that it would be an injustice and unreasonable hardship to compel the immediate removal or suppression of an otherwise lawful business or use already established *323 in the district. See 62 C.J.S., Municipal Corporations, § 226(19), p. 494; 58 Am. Jur., Zoning, Section 146 et seq., page 1021.
To hold that "existing building" means a building which was constructed after the effective date of the ordinance, as plaintiff would have us do, would mean that the ordinance delegated to the landowner the right to establish the minimum set-back line in his particular block, without opportunity for any one to be heard in reference to the establishment of the set-back line in his particular locality, and without regard to what is a reasonable set-back line in so far as the public health, safety and welfare are concerned. And, since the ordinance provides merely that "all lots shall have front yards of minimum fifteen (15) feet depth * * * except where an existing building * * * has a front yard depth greater than fifteen (15) feet * * *", it would be possible for a landowner to build an apartment house with a front-yard depth of any amount, so long as it exceeded 15 feet and thus, under the plaintiff's interpretation, automatically establish the minimum set-back in the block; then another landowner could subsequently build his apartment house even farther back from the street, thus establishing a new minimum set-back line; and so on. It is clear, therefore, that the interpretation urged by plaintiff would not only amount to an unlawful delegation of power but would also be unreasonable and arbitrary.
However, the fact that the lower court may have correctly interpreted the words "existing building" as used in the ordinance, is not decisive on this appeal.
The plaintiff alleged in his bill that the block in which his apartment house was located had an established minimum front yard depth or set-back of 35 feet. It affirmatively appears that both the Zoning Board and the City Commission believed that the established minimum set-back in this particular block was 35 feet, since they both entertained an application for and approved Spector's request for a variance. The defendant Spector certainly believed that the minimum set-back was 35 feet, else he would not have applied for permission to build with a set-back of 15 feet. While it does not necessarily follow that the defendants, or either of them, are now estopped to show that the set-back line in question is actually 15 feet, we do think that the allegations of plaintiff's bill are sufficient to require the defendants to answer the bill, and it was thus error for the lower court to dismiss, summarily, the plaintiff's bill.
For the reasons stated, the final order of the lower court is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
ADAMS, C.J., and TERRELL, CHAPMAN, THOMAS and HOBSON, JJ., concur.
SEBRING, J., not participating.