333 So.2d 51 (1976)
STATE of Florida, Appellant,
v.
Primus HAYES, Appellee.
No. 75-1034.
District Court of Appeal of Florida, Fourth District.
June 11, 1976.
David H. Bludworth, State's Atty., and Gerald A. McGill, Asst. State's Atty., West Palm Beach, for appellant.
*52 Richard L. Jorandby, Public Defender, and James R. Merola, Special Asst. Public Defender, West Palm Beach, for appellee.
WALDEN, Chief Judge.
A two count information was filed against defendant charging him with (1) breaking and entering with intent to commit petty larceny, and (2) petty larceny.
Defendant moved to dismiss the Information under Rule 3.190(c)(4), F.R.Cr.P. The stipulated facts were:
"1. The home of Thomas Wright located at 1601 N.E. 1st Court, Boynton Beach, Florida, was broken into and property was taken on or about October 28, 1974.
"2. During police investigation a latent fingerprint matching that of Defendant's rolled print was found on a jalousie window which was found in the bushes near Mr. Wright's home.
"3. The State cannot determine when the latent print was made.
"4. Mr. Wright has never given the Defendant permission to be on his premises.
"5. Mr. Wright's house was up for sale for a period of six months, including the month of October, 1974. A `For Sale' sign was located on the front lawn and Berg Realty had permission to show the house. There is no evidence whether the house was ever shown to the Defendant.
"6. Mr. Wright's home was broken into three weeks prior to October 28, 1974, although a different entry was apparently used than the one in this case. Nothing was taken and no suspects were apprehended in that prior burglary.
"7. There is no other circumstantial or direct evidence connecting Defendant with the burglary."
The trial court granted the defendant's motion and dismissed the Information, stating:
"The court believes that the matter is governed by Williams v. State, 308 So.2d 595 [595] (1 DCA 1975). But for the Williams case, the court would have considered the evidence sufficient to be presented to the jury under the circumstantial evidence available."
The state appeals. We affirm.
We are faced with two points on appeal. The first is particularly provocative and apparently one of first impression in Florida. The state cited no case in support of its argument of it.
POINT I
Is a Circuit Court of the Fifteenth Circuit of Florida "bound" by the decision of a District Court of Appeal other than the Fourth District Court of Appeal?
We opine and answer the question in the affirmative by flatly stating that a Circuit Court wheresoever situate in Florida is equally bound by a decision of a District Court of Appeal regardless of its appellate district.
The basic principle:
"Under the stare decisis rule, a principle of law which has become settled by a series of decisions generally is binding on the courts and should be followed in similar cases. This rule is based on expediency and public policy... ." 21 C.J.S. Courts § 187.
The purpose of the rule is to preserve harmony and stability and predictability in the law, Forman v. Florida Land Holding Corporation, 102 So.2d 596 (Fla. 1958); Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla. 1953), see 20 Am.Jur.2d Courts § 183 et seq. The doctrine is generally applied to courts of last resort, see United States Steel Corporation *53 v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974). In Florida the District Courts of Appeal are courts of final appellate jurisdiction except for a narrow classification of cases made reviewable by the Florida Supreme Court, Ansin v. Thurston, 101 So.2d 808 (Fla. 1958); Taylor v. Knight, 234 So.2d 156 (1st DCA Fla. 1970). The District Courts of Appeal are required to follow Supreme Court decisions. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). As an adjunct to this rule it is logical and necessary in order to preserve stability and predictability in the law that, likewise, trial courts be required to follow the holdings of higher courts[1]  District Courts of Appeal. The proper hierarchy of decisional holdings would demand that in the event the only case on point on a district court level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision, see 21 C.J.S. Courts § 196, § 198. Alternatively, if the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it, 21 C.J.S. Courts, supra. Contrarily, as between District Courts of Appeal, a sister district's opinion is merely persuasive. Spencer Ladd's, Inc. v. Lehman, 167 So.2d 731 (1st DCA Fla. 1964), modified on different grounds at 182 So.2d 402 (Fla. 1965).
No Florida case has spoken directly to this issue, see Bunn v. Bunn, 311 So.2d 387, 389 (4th DCA Fla. 1975) ("Additionally, under the doctrine of stare decisis, an appellate court's decision on issues properly before it and decided in disposing of the case, are, until overruled by a subsequent case, binding as precedent on courts of lesser jurisdiction.")
Courts in other jurisdictions have decided this issue. In People v. Blount, 82 Misc.2d 964, 370 N.Y.S.2d 437 (Nassau County Ct. N.Y. 1975), the court noted:
"Where a question has not yet been decided by the appellate courts in a certain department, inferior courts in that department must follow the determinations of the appellate courts in any other department until such time as their own appellate tribunals or the Court of Appeals passes upon the question." Id. at 442.
Likewise, the court in Garcia v. Hynes & Howes Real Estate, Inc., 29 Ill. App.3d 479, 331 N.E.2d 634 (3rd DCA 1975), held that the "... opinions of any Appellate Court necessarily are binding on all Circuit Courts across the State, but not on the other branches of the Appellate Court." Id. at 636. The court then set forth the following ranking, "A trial court, located in an appellate district where a conclusion on an issue is reached, should adhere to that conclusion and not to one promulgated in another district. A decision by the Illinois Supreme Court ... would be binding on all courts." Id.
One further illustration is Hale v. Superior Court of City and County of San Francisco, 15 Cal.3d 221, 124 Cal. Rptr. 57, 539 P.2d 817 (1975). In a footnote the court states, "Decisions of every division of the District Courts of Appeal are binding upon all the justice and municipal courts and upon all the superior courts of this state... ." Id. 124 Cal. Rptr. at 62, 539 P.2d at 822.
These cases set forth the hierarchy best designed to promote judicial stability and predictability. Therefore, in the absence of a contrary Fourth District Court of Appeal opinion a Palm Beach County Circuit Court is bound to follow an opinion of another District Court of Appeal, such as a First District Court of Appeal opinion. This would also promote the constitutional provision that the Supreme Court hear cases *54 in which there is conflict between the District Courts of Appeal. Hence, if a circuit court is bound to follow a "foreign" district's decision, on appeal the circuit court's territorial district court will have the opportunity to follow the other District Court of Appeal opinion or to go a different route, inasmuch as the other district's opinion is only persuasive authority for a court of the same level, Spencer Ladd's, Inc., supra. It is then the prerogative of the Supreme Court to resolve any resulting conflict.
POINT II
Assuming, arguendo, that the above issue is answered in the affirmative, does Williams v. State compel the granting of the amended Motion to Dismiss in the instant case?
We agree that the Williams case mandates the dismissal of the Information inasmuch as the state has not shown, from the scant stipulated facts, that the defendant's fingerprints could only have been made at the time the crime was committed, Knight v. State, 294 So.2d 387 (4th DCA Fla. 1974); Tirko v. State, 138 So.2d 388 (3rd DCA Fla. 1962).
We offer these thoughts with reference to the facts:
1. It was not shown whether the print was found on the inside or outside of the window.
2. It was not shown whether the jalousie window was at the place of entry.
3. It was not shown when the print was made.
4. The defendant could have made the print either when being shown the house by Berg or when independently viewing the house and either picking up the window from the bushes or by touching it before removal.
5. The defendant could have made the print if he were on the premises on October 28, 1974, even though a different entry was used.
Since the state suggests that there is confusion and uncertainty abroad among the circuit courts as to whether they are bound to follow the decision of a foreign District Court of Appeal (a suggestion which surprises us), and since under that rationale Circuit Courts in the First, Second and Third Appellate Districts would not feel bound by this instant decision, we do hereby offer upon appropriate application to certify the question contained in Point I as being one of great public interest.
AFFIRMED.
DOWNEY, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] The panel dislikes the characterization of courts as being "higher" or "lower" and prefers to distinguish them either by proper name or by the terms "appellate court" or "trial court" inasmuch as they differ, not in importance, but only in their jurisdictional mandates. However, the issue here and the cases discussing it make necessary such references.