SIMONS, STUART M., Associate Judge.
Appellant Sheldon Lake timely appeals a finding that he lacked sufficient title to sell a boat which he had bought through a supposedly invalid mechanics’ lien sale under Section 85.031(2), Florida Statutes (1975).
In January of 1975, Thomas J. Smith, the original owner of the boat, entered into an *736 oral agreement with Fred Temple, Vice President of Consolidated Export and Manufacturing Corporation, for the storage and maintenance of the boat in exchange for a monthly fee. When Temple could not reach or communicate with Smith for several months, Temple prepared to sell the boat at public auction pursuant to Section 85.031(2), Florida Statutes (1975), in order to cover expenses incurred in conjunction with the boat.
The sale was conducted by Temple’s attorney and the boat went to the highest bidder, Sheldon Lake. After repairing and making improvements on the boat, Lake sold it to John Ellerman. Ellerman than sold the boat to Howard Lee, who, in turn, sold it to Paul Irrgang.
In March of 1976, Smith reappeared and filed a replevin action against Irrgang for possession of the boat. A final judgment was rendered in favor of Smith who recovered possession of the boat. No other persons in the chain of title were parties to that suit.
Following the final judgment in the re-plevin action, Irrgang filed suit against Howard Lee for breach of warranty of title. Lee answered acknowledging the sale but denied knowledge concerning the replevin action. He then filed a third party complaint against John Ellerman for breach of warranty of title. Ellerman answered admitting that he warranted title when he sold the boat to Lee.
Irrgang filed a motion for summary judgment along with a supporting affidavit against Lee. As third party plaintiff, Lee filed a motion for summary judgment against John Ellerman. Prior to the trial court hearing on the summary judgment motions, Ellerman filed a third party complaint against Lake for breach of warranty of title. At a hearing on the motions for summary judgment, the court deferred ruling thereon and granted Ellerman’s ore ten-us motion to add Lake as a third party defendant. Lake thereafter filed a third party complaint seeking indemnification against Fred Temple and Consolidated Export and Manufacturing Corporation for breach of warranty of title.
Although the hearing on the motions for summary judgment was noticed on September 30, 1977, and scheduled for December 20, 1977, Lake and his attorneys were not notified of the hearing and did not appear. The court entered a partial summary judgment in favor of Irrgang against Lee, and denied Lee’s motion for summary judgment against Ellerman. At a final hearing which was subsequently held on the remaining third party complaints, the trial court issued its findings and entered a final judgment for Ellerman and against Lake.
Reviewing the evidence adduced at the actual trial which resulted in the judgment on appeal, it is clear that Consolidated Export had a valid mechanics lien and followed the enforcement provisions of Chapter 85, Florida Statutes (1975). There was no competent evidence presented tending to prove the sale was defective. Rather, the trial court apparently relied upon the prior judgment in replevin in reaching its conclusion. This is erroneous in view of the fact that Lake was not a party to that action and, therefore, is not bound by that judgment or any implication arising therefrom. Forman v. Florida Land Holding Corp., 102 So.2d 596 (Fla.1958). The only other matter argued to support the judgment is that Lake had been “vouched in” under Section 672.607(5)(a), Florida Statutes (1975) and, thus, was bound by the prior determination. This is not the case since the procedure outlined in that section was not followed.
There being no competent evidence to support the judgment, we reverse and remand with directions to enter judgment in favor of Lake.
REVERSED and REMANDED, with directions.
BERANEK and GLICKSTEIN, JJ., concur.