LOGUE, J.
Lisa Detournay and Brenda Randol, who own homes in Coral Gables, and their homeowners’ association, the Rivera Neighborhood Association, Inc., (hereinafter “the Homeowners”) filed a two-count complaint to require the City of Coral Gables to prosecute an enforcement action against nearby property owned by Amace Properties, Inc. The trial court dismissed the first count for lack of standing. Although it held the Homeowners had no standing, the trial court nevertheless entered a judgment against the Homeowners on the second count. On appeal by the Homeowners, we affirm the dismissal of count one, albeit on different grounds, and we direct the dismissal of count two. Under the doctrine of separation of powers, the City’s discretion to file, prosecute, abate, settle, or voluntarily dismiss a building and zoning enforcement action is a purely executive function that cannot be supervised by the courts, absent the viola *871 tion of a specific constitutional provision or law.
FACTS AND PROCEDURAL HISTORY
Amace Properties, Inc. owns commercial property on one of the branches of the canals that run through the City to Biscayne Bay. For the most part, these canals are lined with expensive homes. From its property, Amace operates what both the City and the Homeowners maintain is a private yacht basin that rents slips and moorings in a manner that violates various provisions of the City’s building and zoning code. In April 2004, the City issued three administrative citations against Amace. After filing these enforcement actions, however, the City held them in abeyance for years while attempting to settle them as part of a proposed re-development of Amace’s property. Unhappy at the City’s failure to vigorously prosecute Amace, the Homeowners’ filed the instant case to force the City to pursue its enforcement actions. Count one requested a declaratory judgment and count two requested an injunction.
The tenor of the Homeowners’ concerns are apparent from the following language in the complaint:
46. Unless restrained, defendant city will continue to ignore its zoning regulations, contrary to the express language in the zoning code, and continue to allow the operation of the illegal private yacht basin at issue here.
47. Immediate and irreparable injury, loss and damage for which there is no adequate remedy at law will result to the plaintiffs by this action of the city because this private yacht basin use will continue to operate in violation of the law.
48. The city’s zoning code has as its basis the government’s police powers— to protect the public health safety and welfare. Where the city’s zoning code is ignored, the guarantee of the city’s protection of the public health, safety and welfare is also ignored and the public is irreparably harmed.
49. The refusal of the City of Coral Gables to enforce its zoning code, where three notices of violation were issued and the city attorney confirmed the violation, creates an injury to plaintiffs and all Coral Gables citizens that cannot be compensated by money or remedied in any other manner except by requiring enforcement of the violated code provision.
50. Plaintiffs as residents of the City of Coral Gables have a legitimate and reasonable expectation that all citizens will be treated the same when it comes to the enforcement of the city’s zoning code. Plaintiffs reasonably expect that certain citizens and/or property owners are not “more equal” than others when the city seeks to enforce its zoning code.
51. Plaintiffs cannot seek enforcement of the city’s zoning code where the city refuses to do so.
52. Plaintiffs injury cannot be “cured” except by requiring the city to enforce its zoning code, follow its law and direct the property owner to cease its illegal use or to obtain the required conditional use approval, thus legalizing the illegal use.
Amace intervened in the lawsuit as a defendant, although the Homeowners made no allegations against Amace. In its answer, motion to dismiss, and renewed motion to dismiss, the City raised the holding of Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912, 922 (Fla.1985), asserting that the Homeowners were not entitled to the relief sought because the City had discretion whether and how to prosecute violations of *872 its zoning ordinances. On the second day of trial, the trial court entered the order and final judgment on appeal, dismissing count one for lack of standing and finding in favor of the City on count two. This appeal followed.
DISCUSSION
We agree with the dismissal of count one, albeit on grounds different than that relied upon by the trial judge. Rather than basing the dismissal on standing, we think the simplest and most direct explanation of why dismissal is proper is provided by the principles of separation of powers discussed in Trianon and its progeny. Count two, seeking injunctive relief, should be dismissed for the same reason.[1]
In Trianon, owners of units in a condominium building that had been constructed in an allegedly grossly negligent manner sued the City of Hialeah. They sought to hold the City liable for failure to enforce its building and zoning laws against the developer who built the condominium. Id. at 915. The Florida Supreme Court held that a government entity is not liable in tort to individual property owners for the failure to enforce provisions of building and zoning codes. Id. at 919. Although Trianon involved a suit for torts, its reasoning and holding apply equally well to suits like the instant case, where private parties seek a declaratory judgment and injunction against a city regarding the failure of the city to enforce its building and zoning codes against another private party.
In holding a city cannot be sued by a private party because it failed to enforce its building and zoning laws against another private party, the Court observed that “certain discretionary functions of government are inherent in the act of governing and are immune from suit.” Id. at 918. In this regard, the Court stated:
We find that the enforcement of building codes and ordinances is for the purpose of protecting the health and safety of the public, not the personal or property interests of individual citizens. The discretionary power to enforce compliance with the building code flows from the police power of the state. In that regard, this power is no different from the discretionary power exercised by the police officer on the street in enforcing a criminal statute, the discretionary power exercised by a prosecutor in deciding whether to prosecute, or the discretionary power exercised by a judge in making the determination as to whether to incarcerate a defendant or place him on probation. Statutes and regulations enacted under the police power to protect the public and enhance the public safety do not create duties owed by the government to citizens as individuals without the specific legislative intent to do so.
Id. at 922; see also Carter v. City of Stuart, 468 So.2d 955, 957 (Fla.1985) (“The amount of resources and personnel to be committed to the enforcement of this ordinance was a policy decision of the city. The city has the right to set its priorities in reference to law enforcement.”).
This immunity from suit is often called sovereign immunity. Trianon, 468 So.2d at 922. It bears repeating, however, that the reason courts cannot generally supervise the executive when it is deciding *873 when and how to enforce specific laws is not based on the archaic notion that “the king can do no wrong.” Instead, it is founded on the doctrine of separation of powers, one of the structural pillars upon which American freedoms rest: “under the constitutional doctrine of separation of powers, the judicial branch must not interfere with the discretionary functions of the legislative or executive branches of government absent a violation of constitutional or statutory rights.” Id. at 918. To hold otherwise, the Court reasoned, “would require the judicial branch to second guess the political and police power decisions of the other branches of government and would violate the separation of powers doctrine.” Id.
Turning to the instant case, the City’s discretion to file, prosecute, abate, settle, or voluntarily dismiss a building and zoning enforcement action is analogous to a prosecutor’s discretion to file, prosecute, abate, settle, or dismiss a criminal or civil lawsuit. Id. at 922. The prosecutor’s discretion in this regard is a pure executive function that cannot be supervised by the courts, absent the violation of a specific constitutional provision or law.[2]
It follows in the instant case that the City’s discretion to file, prosecute, abate, settle, or dismiss a building and zoning enforcement action against Amace is an executive function that cannot be supervised by the courts, absent the violation of a specific constitutional provision or law.
Our decision in this regard dovetails with the cases holding that a writ of mandamus cannot issue against a city on behalf of a private party to require the city to enforce its building and zoning laws against another private party. See Alexander v. City of Coral Gables, 745 So.2d 1004, 1005 (Fla. 3d DCA 1999) (holding that mandamus does not lie to compel a city to enforce its zoning regulations, because the decision whether to enforce is discretionary); Centrust Sav. Bank v. City of Miami, 491 So.2d 576, 577 (Fla. 3d DCA 1986) (holding that a writ of mandamus does not lie to compel a city to enforce its building code against third parties); RHS Corp. v. City of Boynton Beach, 736 So.2d 1211, 1213 (Fla. 4th DCA 1999) (holding that mandamus does not lie to compel a city to enforce its zoning regulations, because the decision whether to enforce is discretionary, rather than ministerial).
The few cases holding to the contrary pre-date Trianon and appear not to have considered or followed the controlling principle of separation of powers. See Fortunato v. City of Coral Gables, 47 So.2d 321, *874 323 (Fla.1950) (reversing the denial of a temporary injunction sought to prevent the city from issuing a building permit); Rebholz v. Floyd, 327 So.2d 806, 809 (Fla. 2d DCA 1976) (reversing for issuance of a writ of mandamus to enforce zoning regulations).
While the cases we rely on arose in torts, mandamus and criminal law, the governing principles apply equally well to injunctions and declaratory actions. Separation of powers is a constitutional doctrine that extends across all procedural vehicles that might be used to challenge executive action. It would be a hollow idea if it applied only to some procedures and not others. In this regard, the case of Kempfer v. St. Johns River Water Management District, 475 So.2d 920 (Fla. 5th DCA 1985), is easily distinguishable. Kempfer held only that sovereign immunity does not bar property owners’ rights to seek declaratory relief to construe a deed and easement that they conveyed to a government. It involved the government’s legal rights and responsibilities as a property owner. It did not implicate the government’s discretion whether or not to prosecute enforcement actions against third parties. Our decision does not address the ability of the Homeowners to bring a direct action against Amace because the Homeowners have filed no complaint and requested no relief against Amace; therefore, the issue of the validity of such a lawsuit is not before us.
CONCLUSION
We are sympathetic to the frustration of the Homeowners at the City’s decision to abate its enforcement action against Amace, but we must defer to the City’s right to exercise its discretion to seek a settlement that might accommodate the concerns of all parties. In this situation, the courts have no role in advising or directing a government when, if, and how to maintain an administrative enforcement action: the role of the courts is limited to adjudicating any such action when it is properly at issue before them. To the extent that the Homeowners seek to have the City desist in its settlement efforts and instead vigorously prosecute the enforcement actions, they need to knock on the doors of city hall, not the courthouse.
For the foregoing reasons, we affirm the trial court’s decision to dismiss, although on the grounds stated herein. We reverse that portion of the final judgment ruling on the merits because the court should not have reached that issue. Instead, count two should also be dismissed.
Affirmed, in part, reversed, in part, and remanded for proceedings consistent with this decision.
SHEPHERD, C.J., concurs.

. Although we respect the dissent's concern in this regard, we believe that the City’s two and one half page argument in their answer brief citing to Trianon and contending "the City has prosecutorial discretion in whether or how to proceed” with its enforcement actions, coupled with the Homeowners' argument in their reply brief that the City should not have such discretion, is more than sufficient to raise the application of Trianon in this appeal.

. See Valdes v. State, 728 So.2d 736, 738-39 (Fla.1999) ("This Court has long held that as the prosecuting officer, the state attorney has ‘complete discretion’ in the decision to charge and prosecute, and the judiciary cannot interfere with this 'discretionary executive function.’ ”) (citations omitted); State v. Bloom, 497 So.2d 2, 3 (Fla.1986) ("Under Florida’s constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute.”); Johnson v. State, 314 So.2d 573, 577 (Fla.1975) ("[T]he discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute.”); Bess v. Reno, 563 So.2d 95, 96 (Fla. 3d DCA 1990) (holding that the trial court did not err in refusing, in effect, to mandamus the state attorney to institute extradition proceedings); Thompson v. Reno, 546 So.2d 83, 84 (Fla. 3d DCA 1989) (holding that the state attorney’s discretion extends to civil actions as well as criminal actions); State v. Jogan, 388 So.2d 322, 323 (Fla. 3d DCA 1980) (holding that the decision to nolle prosequi is vested solely in the state attorney’s discretion and cannot be made or supervised by the courts); State v. C.C.B., 465 So.2d 1379, 1381 (Fla. 5th DCA 1985) ("In the criminal justice system the discretion to prosecute or not is a pre-trial posture vested solely in the state attorney's discretion.”).