DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER M. HAVER** and **GALINA HAVER,**
Appellants,

v.

**THE CITY OF WEST PALM BEACH, INC., RICK GREENE,
ALEANDRO LOPEZ** and **MIRIAM R. GALAN,**
Appellees.

No. 4D19-1537

[June 10, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 502018CA015447XXXXMB.

Peter M. Haver, West Palm Beach, for appellants.

K. Denise Haire, Assistant City Attorney, West Palm Beach, for appellee The City of West Palm Beach, Inc.

KUNTZ, J.

Peter and Galina Haver appeal the circuit court's final order dismissing with prejudice their five-count complaint in a zoning enforcement action. The Havers sued the City of West Palm Beach and two City employees, Rick Greene and Aleandro Lopez (collectively, "the City Employees"), for failure to enforce zoning codes. The Havers also sued their neighbor, Miriam Galan (the "Neighbor"), the owner of the property who was allegedly violating those codes.[1]

Our resolution of the case is complex. When the circuit court dismissed this case, the Third District had addressed the exact issue presented in *Detournay v. City of Coral Gables*, 127 So. 3d 869 (Fla. 3d DCA 2013). The circuit court was required to follow that decision. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the event the only case on point on a district level is from a district other than the one in which the trial court

---

[1] The claims against the Neighbor were dismissed without prejudice.

is located, the trial court [is] required to follow that decision." (quoting *State v. Hayes*, 333 So. 2d 51, 53 (Fla. 4th DCA 1976))).

Unlike the circuit court, we are not bound by *Detournay*. The reasoning of the majority opinion in *Detournay* is compelling but, as Judge Lagoa recognized in her dissent, it failed to apply binding precedent from the Florida Supreme Court. *See* 127 So. 3d at 877-81 (Lagoa, J., dissenting) (discussing *Boucher v. Novotny*, 102 So. 2d 132 (Fla. 1958)).

As a result, even though *Detournay* bound the circuit court, because *Detournay* failed to apply *Boucher*, we must reverse in part. We reverse the court's order dismissing counts I, II, and III of the Havers' complaint. We affirm the court's dismissal of counts IV and V of the complaint. We also certify conflict with *Detournay* and *Chapman v. Town of Reddington Beach*, 282 So. 3d 979 (Fla. 2d DCA 2019).

### *Background*

The Havers' and their Neighbor's residences are zoned by the City as single-family, low-density residential. The applicable zoning classification restricts the residences to occupancy by only one family. A City ordinance defines a "family," as no more than two unrelated persons. The Havers alleged that the Neighbor was installing plumbing without a permit and violating the single-family zoning classification by providing room and board at her residence to at least two individuals unrelated to her.

The Havers reported the purported violation to the City, and a City code enforcement officer investigated. The code enforcement officer reported that he spoke to an individual who claimed to reside at the Neighbor's residence but also claimed he did not pay rent. The code enforcement officer saw structural alterations to the residence, but his "report of that visit did not refer to any evidence supporting [the Havers'] allegations."

Next, the Havers contacted Florida's Agency for Health Care Administration. The Agency stated that the Neighbor did not have a license to operate an adult family-care home at the residence and scheduled an on-site inspection. After the Agency conducted the inspection, it notified the Havers that the Neighbor did, in fact, operate an adult family-care home at her residence and that it instructed the Neighbor "of the need for her to comply with local zoning and tax regulations." But the Agency informed the Havers that the Neighbor did not have to obtain a license because her operation of the adult family-care home was exempted by statute.

2

After the Havers did not obtain the result they sought from the City or the Agency, they filed a five-count complaint against the City, their Neighbor, and the City Employees in their individual capacities.

Count I of the Havers' complaint requested declaratory and injunctive relief to enforce the single-family zoning classification. Count II sought a declaratory judgment stating that the Neighbor violated the City's zoning code and does not qualify for an exemption, and that the City's refusal to enforce the single-family zoning classification violates West Palm Beach Ordinance §94-34(b)(2). In Count III, the Havers requested an injunction preventing their Neighbor from providing room and board to unrelated persons. In Count III, the Havers also asked the court to enter an injunction requiring the City to enforce the single-family zoning classification and requiring the City to take the enforcement measures provided for in West Palm Beach Ordinance §94-34(b)(2).

In Count IV, the Havers sought a writ of mandamus compelling the City to determine whether the Neighbor violated the single-family zoning classification and to require the City officials to act in accordance with West Palm Beach Ordinance §94-34(b)(2). Finally, in Count V, the Havers sought certiorari relief and asked the court to quash any actions taken by the City related to its refusal to enforce the single-family zoning classification.

The City and the City Employees filed two separate motions to dismiss the complaint.[2] The City argued in its motion that all five counts failed to state a cause of action because, under the separation-of-powers doctrine set forth in *Trianon Park Condominium Association v. City of Hialeah*, 468 So. 2d 912 (Fla. 1985), courts cannot interfere with a municipality's discretionary function of enforcing its zoning code. Next, the City argued *Detournay v. City of Coral Gables*, 127 So. 3d 869 (Fla. 3d DCA 2013), held that a plaintiff cannot bring an equitable enforcement action against a city because a court cannot direct a government to enforce its zoning codes. The City also argued mandamus relief is not appropriate for a zoning enforcement action because zoning enforcement is a discretionary, not ministerial, act. Lastly, the City argued it did not issue any quasi-judicial order or action that could be reviewed by certiorari.

---

[2] The City Employees raised other separate arguments in their motion to dismiss. The court granted the motion to dismiss, finding the Havers incorrectly named the City Employees in their individual capacities. The court dismissed the complaint against the City Employees with leave to amend to name them in their official capacities, but the Havers declined to do so. We affirm the dismissal of all counts with prejudice against the City Employees.

At the hearing, the court granted the City's motion on the certiorari count without reasoning and deferred ruling on the other counts. In a subsequent written order, the court granted the City's motion to dismiss without reasoning but with a citation to *Detournay*.

### *Analysis*

On appeal, the Havers argue the decision on which the circuit court relied, *Detournay v. City of Coral Gables*, 127 So. 3d 869 (Fla. 3d DCA 2013), ignored long-standing supreme court precedent. *See, e.g.*, *Boucher v. Novotny*, 102 So. 2d 132, 135 (Fla. 1958). They argue *Boucher* provides a remedy for zoning laws in the form of a claim for declaratory and injunctive relief against a municipality and a violator. We agree.

i. **The circuit court correctly followed the Third District's decision in *Detournay v. City of Coral Gables*, 127 So. 3d 869 (Fla. 3d DCA 2013).**

The circuit court relied on *Detournay* and dismissed the complaint. But before we address *Detournay*, we address the case on which the *Detournay* majority relied, *Trianon Park Condominium Association v. City of Hialeah*, 468 So. 2d 912 (Fla. 1985).

In *Trianon*, a tort suit, a plurality of the Florida Supreme Court answered the following certified question in the negative: "Whether a governmental entity may be liable in tort to individual property owners for the negligent actions of its building inspectors in enforcing provisions of a building code enacted pursuant to the police powers vested in that governmental entity." *Id.* at 914.

In that case, Trianon sued the City of Hialeah for alleged negligent inspection of a condominium building and certification for occupancy. *Id.* at 915. The city argued it could not be liable for damages for negligent enforcement of building codes. *Id.* at 916. The supreme court accepted the city's argument and rejected Trianon's argument "that the judiciary should interfere with how another branch of government chooses to enforce the law." *Id.* at 922.

The supreme court explained five basic principles to clarify the law on governmental tort liability, *id.* at 917–18, two of which are relevant to this appeal. First, "under the constitutional doctrine of separation of powers, the judicial branch must not interfere with the discretionary functions of the legislative or executive branches of government absent a violation of

4

constitutional or statutory rights." *Id.* at 918 (citing *Commercial Carrier Corp. v. Indian River Cty.*, 371 So. 2d 1010 (Fla. 1979); *Askew v. Schuster*, 331 So. 2d 297 (Fla. 1976); art. II, § 3, Fla. Const.). Second, "certain discretionary functions of government are inherent in the act of governing and are immune from suit." *Id.* (citation omitted).

The supreme court held that "the enforcement of building codes and ordinances is for the purpose of protecting the health and safety of the public, not the personal or property interests of individual citizens. The discretionary power to enforce compliance with the building code flows from the police power of the state." *Id.* at 922.

But the supreme court cautioned that *Trianon* "addresse[d] only the narrow issue of exercising basic discretionary judgment in the enforcement of the police power, public safety functions by a state, county, or municipal governmental entity." *Id.* at 923.

Now we return to *Detournay*. In *Detournay*, a split panel of the Third District extended *Trianon*'s discussion of separation of powers in the tort context to causes of action for injunctions and declaratory relief, under facts like those alleged in this case.

In *Detournay*, a commercial property owner violated the city's building and zoning code. 127 So. 3d at 871. The city issued three administrative citations against the owner, but the already-filed enforcement actions were held in abeyance while the parties tried to settle. *Id.* A neighbor sued the City of Coral Gables "to force the City to pursue its enforcement actions," seeking declaratory relief in count I and an injunction in count II. *Id.*

In its motion to dismiss, the city "raised the holding" of *Trianon* to argue that it had discretion "whether and how to prosecute" zoning violations. *Id.* at 871–72. The circuit court dismissed count I for lack of standing and found in the city's favor on count II. *Id.* at 872.

On appeal, the majority held that the separation-of-powers analysis in *Trianon* required dismissal of the neighbor's complaint. *Id.* The majority stated that although *Trianon* involved a tort suit, "its reasoning and holding apply equally well to suits like the instant case, where private parties seek a declaratory judgment and injunction against a city regarding the failure of the city to enforce its building and zoning codes against another private party." *Id.* The majority therefore rested its decision on separation of powers and held that the city's discretion to file or prosecute a zoning enforcement action was an "executive function that

cannot be supervised by the courts, absent the violation of a specific constitutional provision or law." *Id.* at 873.

Here, the circuit court relied on *Detournay* when it dismissed the complaint. It did so even though the Havers argued *Detournay* failed to apply long-standing supreme court precedent. In response to that argument, the circuit court noted it had to follow *Detournay*—which was "precisely on point"—because there was no controlling case from this Court on the issue.

The circuit court's reasoning was correct. *Detournay* was binding on the circuit court. When this Court has not decided an issue, the circuit and county courts are bound to follow the decisions of our sister districts. *See Pardo*, 596 So. 2d at 666 (quoting *Hayes*, 333 So. 2d at 53).

### ii. *Boucher v. Novotny*, 102 So. 2d 132 (Fla. 1958), controls this case.

Although the circuit court was bound by *Detournay*, we are not. We are free to treat *Detournay* as persuasive authority, or not, and reach our own conclusion. *See Pardo*, 596 So. 2d at 667 (quoting *Hayes*, 333 So. 2d at 53). But even though we are not bound by *Detournay*, we are still bound by existing supreme court precedent. *See id.* at 666 (quoting *Hayes*, 333 So. 2d at 53).

We now turn to that existing supreme court precedent and Judge Lagoa's dissent in *Detournay*. Judge Lagoa noted that the *Detournay* majority failed to discuss two seminal Florida Supreme Court's opinions, *Boucher v. Novotny*, 102 So. 2d 132 (Fla. 1958), and *Renard v. Dade County*, 261 So. 2d 832 (Fla. 1972). *Detournay*, 127 So. 3d at 877.[3] These cases set forth the standing requirement for equitable zoning enforcement actions.

In *Boucher*, the Florida Supreme Court reaffirmed that "where municipal officials threaten or commit a violation of municipal ordinances which produces an injury to a particular citizen which is different in kind from the injury suffered by the people of the community as a whole[,] then such injured individual is entitled to injunctive relief in the absence of an adequate legal remedy." 102 So. 2d at 134. But a plaintiff "is without redress in equity unless he can allege and prove special damages peculiar

---

[3] All references to *Detournay* in this section are to Judge Lagoa's dissenting opinion.

6

to himself and differing in kind rather than in degree from the damages suffered by the people as a whole." *Id.* at 135 (citations omitted).

*Boucher* also specifically applied the rule to zoning actions and adopted a bright-line rule

> align[ing] [Florida] with the authorities which hold that one seeking redress, either preventive or corrective, against an alleged violation of a municipal zoning ordinance must allege and prove special damages peculiar to himself differing in kind as distinguished from damages differing in degree suffered by the community as a whole.

*Id.*

As Judge Lagoa noted, *Detournay*, 127 So. 3d at 878-79, the supreme court made the special-damages rule more lenient in *Renard v. Dade County*, 261 So. 2d 832 (Fla. 1972). In *Renard*, the court held that "in the twenty years since the *Boucher* decision, changed conditions, including increased population growth and density, require a more lenient application of that rule. The facts of the *Boucher* case, if presented today, would probably be sufficient to show special damage." *Renard*, 261 So. 2d at 837-38.

Judge Lagoa believed that the *Detournay* majority erred when it applied *Trianon*, a tort case, to the injunction and declaratory relief claims at issue in the case. *Id.* at 879-80. She explained that *Boucher* specifically permitted injunctive relief. *Id.* at 879 (citing *Boucher*, 102 So. 2d at 134).

Judge Lagoa further explained that supreme court precedent holds that "if an individual can show some special damage from an alleged zoning violation, he or she then has standing to maintain an action to enforce the zoning ordinance in equity against both a municipality and a private party." *Id.* at 880 (citing *Skaggs-Albertson's v. ABC Liquors, Inc.*, 363 So. 2d 1082, 1088 (Fla. 1978); *Renard*, 261 So. 2d at 837; *Boucher*, 102 So. 2d at 135; *Page v. Niagara Chem. Div. of Food Mach. & Chem. Corp.*, 68 So. 2d 382 (Fla. 1953); *Bozeman v. City of St. Petersburg*, 76 So. 894 (1917)); *see also Fortunato v. City of Coral Gables*, 47 So. 2d 321, 322, 323 (Fla. 1950) (holding that plaintiff's allegations seeking to enjoin the defendant-city from issuing a building permit to the defendant-neighbor to build an apartment that violated the setback requirement were sufficient to require the city and neighbor to answer the complaint and proceed in equity). In other words, "once special damages are shown, enforcement of the zoning

ordinance is no longer an action purely within the discretion of the state." *Detournay*, 127 So. 3d at 880.

The majority, Judge Lagoa stated, interpreted *Trianon* as silently overruling *Fortunato*. *Id.* at 880 n.10, 881. That, of course, the supreme court often reminds us it does not do. *See, e.g.*, *Arsali v. Chase Home Fin., LLC*, 121 So. 3d 511 (Fla. 2013).

We agree with Judge Lagoa. If the Florida Supreme Court determines it best to overrule *Boucher* or any other case, or that it should otherwise extend *Trianon* to claims for declaratory and injunctive relief, the court can do so. We cannot.

### iii.    Summary.

Based on our conclusion that we are bound by existing supreme court precedent, we are compelled to partially reverse the court's order dismissing the Havers' complaint.

Counts I and III of the complaint sought injunctive relief against the City. Because these claims were specifically permitted by *Boucher*, 102 So. 2d at 134, we reverse the circuit court's order dismissing these claims and remand for further proceedings. On remand, the court must determine whether the Havers have adequately pleaded special injuries as required by *Boucher* and *Renard*.

Count II of the complaint sought a declaratory judgment on the Neighbor's activities and that the City's refusal to enforce its zoning classification was itself an ordinance violation. We also reverse the court's order dismissing count II. On remand, the court should determine whether the allegations are otherwise sufficient under chapter 86, Florida Statutes, as we decline to address the issue in the first instance.

As Judge Lagoa noted in *Detournay*, even if the Havers could not obtain relief against the City, they could obtain relief against the Neighbor.

Count IV of the complaint was pleaded in the alternative and sought mandamus relief. We affirm the court's dismissal of this claim. *See, e.g.*, *RHS Corp. v. City of Boynton Beach*, 736 So. 2d 1211, 1212-13 (Fla. 4th DCA 1999).

Count V sought certiorari relief. Because the City did not issue any enforcement order or decision that could be challenged, certiorari was not appropriate, and we affirm the court's dismissal of count V of the

complaint.  *See, e.g., De Groot v. Sheffield*, 95 So. 2d 912, 915-16 (Fla. 1957).

Finally, this opinion conflicts with the Third District's opinion in *Detournay*.  We certify conflict with that decision and with the Second District's decision in *Chapman v. Town of Reddington Beach*, 282 So. 3d 979 (Fla. 2d DCA 2019).[4]

### *Conclusion*

As an inferior Court, we must comply with the Florida Supreme Court's decisions.  Complying with that mandate, we reverse the circuit court's order dismissing counts I, II, and III of the complaint.  We affirm the court's dismissal of counts IV and V of the complaint.  We also certify conflict with *Detournay v. City of Coral Gables*, 127 So. 3d 869 (Fla. 3d DCA 2013), and *Chapman v. Town of Reddington Beach*, 282 So. 3d 979 (Fla. 2d DCA 2019).

*Affirmed in part, reversed in part, and remanded for further proceedings; conflict certified.*

WARNER and KLINGENSMITH, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

---

[4] *Chapman* also involved the doctrine of separation of powers.  In *Chapman*, the plaintiffs filed a complaint against their neighbor and the town, seeking a declaratory judgment that the neighbor was violating the town's ordinances and injunctive relief for the neighbor to remove the violations.  282 So. 3d at 981.

The town moved for summary judgment, arguing that it was not a proper party to the suit because a court order compelling the town to enforce its ordinances would violate separation of powers.  *Id.*  The circuit court agreed and granted summary judgment.  *Id.*  On appeal, the Second District affirmed based on the parties' unspecified arguments.  *Id.*