# Third District Court of Appeal
## State of Florida

Opinion filed September 20, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1870
Lower Tribunal No. 21-10 AP
_____

**Cristina Hernandez,**
Petitioner,

vs.

**City of Miami Code Enforcement Board,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Lisa S. Walsh, Daryl E. Trawick and Maria de Jesus Santovenia, Judges.

David J. Winker, P.A., and David J. Winker, for petitioner.

Victoria Méndez, City Attorney, and Kerri L. McNulty, Litigation & Appeals Division Chief, and Marguerite C. Snyder, Assistant City Attorney, for respondent.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Upon consideration, the petition for second-tier certiorari is denied.

See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (providing:

> This Court has continually applied certain fundamental principles for the use of certiorari to review decisions rendered by the circuit court acting in its appellate capacity from the time common-law certiorari jurisdiction was first recognized in 1855. See, e.g., Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885 (Fla. 2003); Ivey v. Allstate Ins. Co., 774 So. 2d 679 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523 (Fla. 1995); Combs v. State, 436 So. 2d 93 (Fla. 1983); Halliday v. Jacksonville & Alligator Plank Rd. Co., 6 Fla. 304 (1855). We have consistently observed that "as a case travels up the judicial ladder, review should consistently become narrower, not broader." Haines, 658 So. 2d at 530. Therefore, when a district court considers a petition for second-tier certiorari review, the "inquiry is limited to whether the circuit court afforded procedural due process an whether the circuit court applied the correct law," or, as otherwise stated, departed from the essential requirements of law. Id.; see also Kaklamanos, 843 So. 2d at 889–90. The departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error. See Kaklamanos, 843 So. 2d at 889 (citing Ivey, 774 So. 2d at 682). Rather, a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.) (footnote omitted).

See also Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co., 103 So. 3d 866, 869 (Fla. 4th DCA 2012) (holding that petitioner waived its

claim of error in second-tier certiorari review where it failed to raise the error as a basis for reversal in its appellate brief to the circuit court acting in an appellate capacity); Detournay v. City of Coral Gables, 127 So. 3d 869, 873 (Fla. 3d DCA 2013) (reaffirming that "the City's discretion to file, prosecute, abate, settle, or voluntarily dismiss a building and zoning enforcement action is analogous to a prosecutor's discretion to file, prosecute, abate, settle, or dismiss a criminal or civil lawsuit. The prosecutor's discretion in this regard is a pure executive function that cannot be supervised by the courts, absent the violation of a specific constitutional provision or law") (citing Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 922 (Fla.1985)).