# Third District Court of Appeal
## State of Florida

Opinion filed May 7, 2025.

_____

No. 3D24-0217
Lower Tribunal No. 23-49872 SP
_____

**The Kidwell Group, LLC**, d/b/a Air Quality Assessors of Florida, etc.
Appellant,

vs.

**Southern Oak Insurance Company**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez (Tampa), for appellee.

Before EMAS, LOBREE and GOODEN, JJ.

EMAS, J.

**ON CONCESSION OF ERROR**

Plaintiff below, The Kidwell Group, LLC (as assignee of the insureds, Diane and George Sariego) appeals the trial court's order dismissing with prejudice its complaint against the defendant below, Southern Oak Insurance Company, for breach of an insurance policy.

In dismissing the complaint, the trial court concluded that plaintiff's assignment agreement[1] was invalid because it did not comply with section 627.7152(2)(a)5., Florida Statutes (2022), which provides that an assignment of benefits agreement "must. . . [c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee." The trial court found that the assignment was generic and not sufficiently specific to put the insureds on notice regarding the services to be performed. Because it found the assignment invalid under the statute, the trial court dismissed the

---

[1] An assignment agreement is defined in section 627.7152(1)(b), Florida Statutes (2022):

> "Assignment agreement" means any instrument by which post-loss benefits under a residential property insurance policy or commercial property insurance policy, as that term is defined in s. 627.0625(1), are assigned or transferred, or acquired in any manner, in whole or in part, to or from a person providing services, including, but not limited to, inspecting, protecting, repairing, restoring, or replacing the property or mitigating against further damage to the property. The term does not include fees collected by a public adjuster as defined in s. 626.854(1).

complaint with prejudice, concluding plaintiff lacks standing to assert the claims in the complaint.

On appeal, defendant filed a concession of error, advising the court that the trial court erred in dismissing the complaint and that the order on appeal should be reversed. Upon our review, and for the reasons that follow, we agree and reverse.

For purposes of this appeal, the relevant facts are not in dispute:

The insureds' home was damaged in 2020, and the insureds hired plaintiff to provide professional engineering services related to the loss. The insureds executed an assignment of benefits in favor of plaintiff in June 2022. That assignment included a "good faith itemized per-unit cost estimate" of an "Engineer Report with Repair Plan" at $5,000. Plaintiff's assignment of benefits states, "Client and [plaintiff] hereby acknowledge that an itemized per unit cost estimate/invoice has been provided with this contract and is fully incorporated herein."

The assignment of benefits included the following definition and description:

> Forensic Engineering has been defined as "the investigation of failures – ranging from serviceability to catastrophic—which may lead to legal activity, including both civil and criminal." It therefore includes the investigation of materials, products, structures, or components that fail or do not operate or function as intended, causing personal injury, damage to property, or economic loss.

3

The Engineering reports created by [plaintiff] are intended in part as repair plans to identify the damage and set out the proper method of repair. These reports are meant to help the property owner and their contractors in facilitating the proper repair and obtain necessary building permits.

Attached to and incorporated into the assignment was an invoice, which described the service being provided by plaintiff as an "Engineer Report with Repair Plan," a "quantity" of 1.0, and an estimated price of $5,000.

On June 24, 2022, plaintiff submitted its invoice for $5,000 to defendant, who refused to issue payment, resulting in the action below for breach of the insurance contract. Defendant moved to dismiss the complaint, contending that the assignment failed to comply with section 627.7152(2)(a)5., requiring that an assignment of benefits agreement "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee." Defendant argued that the assignment in this case was generic and not sufficiently specific to put the insured on notice regarding the services to be performed. The trial court agreed and dismissed the complaint with prejudice.

On appeal, defendant concedes that, based on the decision in <u>Kidwell</u> <u>Group, LLC v. SafePoint Ins. Co.</u>, 376 So. 3d 48 (Fla. 4th DCA 2023),[2] the trial court's decision granting its motion to dismiss should be reversed and remanded for reinstatement of plaintiff's complaint. In <u>SafePoint</u>, the Fourth District held that a virtually identical assignment of benefits satisfied the requirements of section 627.7152(a)5. The Fourth District described the assignment set forth in plaintiff's complaint:

> The amended complaint alleged that appellant and the insureds entered into an assignment agreement for "forensic engineering services with incorporated written, itemized, per unit cost invoice in the amount of $3,000." An assignment agreement and an invoice, both dated December 29, 2021, were attached to the amended complaint. The assignment agreement stated that "an itemized per unit cost estimate/invoice has been provided with this contract and is fully incorporated herein." The assignment agreement contained a "Good Faith Itemized Per-Unit Cost Estimate" with a list of services and costs with a checkmark next to one service: "Engineer Report with Repair Plan = $3,000+."

---

[2] Defendant correctly notes that the Fourth District's decision in <u>SafePoint</u> was released after the trial court rendered its order in the instant case. Defendant also correctly notes that the trial court would have been bound by our sister court's opinion in <u>SafePoint</u> in the absence of any on-point law in this district or any other district. <u>See</u> <u>Pardo v. State</u>, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts."). However, the decision of our sister court in <u>SafePoint</u> is only to be considered persuasive, but not binding, authority on this court. <u>See</u> <u>id.</u> at 667 ("As between District Courts of Appeal, a sister district's opinion is merely persuasive." (quoting <u>State v. Hayes</u>, 333 So. 2d 51, 53 (Fla. 4th DCA 1976))). Nevertheless, and as explained, we agree with and follow our sister court's analysis in <u>SafePoint</u> on the issue presented in this appeal.

5

The invoice contained a price of $3,000 for an "Engineer Report from State Licensed Professional Engineer."

As can readily be seen, the assignment in SafePoint is identical in all material respects to the assignment of benefits in the instant case, and each assignment incorporated an invoice with an estimated cost for an engineering report with repair plan.

On appeal, the defendant in SafePoint offered several arguments in support of affirming the trial court's dismissal of the complaint. Among them, the very argument relied upon by the trial court in the instant case: that the assignment of benefits failed to satisfy the statute because the assignment agreement and invoice were "generic" and failed to adequately describe the specific service to be provided. The Fourth District rejected this argument, and held that "the service was sufficiently detailed because it listed a single service of an engineer report with an estimated cost of $3000." Id. at 52 (citing MVP Plumbing, Inc. v. Citizens Prop. Ins. Corp., 359 So. 3d 885 (Fla. 3d DCA 2023)). In MVP Plumbing, the trial court dismissed the complaint for breach of the insurance contract, holding that the assignment of benefits failed to contain an itemized, per-unit cost estimate as required by section 627.7152(a)5. We reversed, holding that "the assignment expressly contemplated appellant would perform a single service, a pipe inspection, for

6

the estimate cost of $750," and therefore, "was sufficient to satisfy the statutory edict." Id. at 885.

We agree with the reasoning of SafePoint and, based on that decision and our decision in MVP Plumbing, we hold that the trial court erred in dismissing plaintiff's complaint with prejudice.

Reversed and remanded.